TRANSAMERICA CORPORATION,
Plaintiff,

v.

TRANSFER PLANNING, INC.,
Defendant.

No. 76 Civ. 3249.

United States District Court,
S. D. New York.

Sept. 27, 1976.

Kane, Dalsimer, Kane, Sullivan & Kurucz, New York City, for plaintiff; Townsend & Townsend, San Francisco, Cal., Stephen S. Townsend, Anthony B. Diepenbrock, Ronald S. Laurie, San Francisco, Cal., of counsel.

Morgan, Finnegan, Pine, Foley & Lee, New York City, for defendant; Thomas M. Gibson, Richard J. Mazza, Janet Dore, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

In this action for trademark infringement, 15 U.S.C. § 1051, et seq., and unfair competition, Transamerica Corporation seeks an order preliminarily enjoining the defendant, Transfer Planning Inc., (Transplan) from use of a 'T'-symbol and the acronym TRANSPLAN which are alleged to infringe registered trademarks owned by plaintiff or its subsidiaries. The defendant moves to dismiss under Rule 12(b)(2) and (3), Federal Rules of Civil Procedure, for lack of personal jurisdiction and improper venue.

Transamerica, a Delaware corporation whose principal offices are in San Francisco, is a holding company engaged through its many subsidiaries in a variety of enterprises such as insurance, real estate and relocation, investment management, financing, manufacturing and the leisure industry. Its total revenues in 1975 exceeded $2 billion. Transplan is a recently established corporation, located in New Jersey and organized under its laws. Although it has yet to obtain a paying client, it holds itself out as a consulting firm to assist foreign and domestic corporations in establishing new factory and business locations in the United States.

In pursuit of customers Transplan conducted an initial direct mailing campaign in which it sent approximately 5,000 brochures containing the allegedly infringing symbols along with covering letters to a variety of businesses, trade associations, chambers of commerce, embassies, consulates and governmental bodies, many of which are located abroad. Of these, 100 to 250 were directed to addresses in New York State. In addition, Transplan placed one advertisement in the Wall Street Journal in January, 1976, as well as in *Le Monde* (Paris) and the *Frankfurter Allgemeine Zeitung* (Frankfurt), in January and February. These two foreign newspapers are available for purchase, as plaintiff points out, at a newsstand on 42nd Street in New York City. The motion to dismiss is premised on the fact that the mailings and newspaper advertisements constitute the sole contact between the allegedly infringing activities and New York State. Transplan maintains that this is an insufficient basis to confer jurisdiction or venue.

Transamerica, relying on the mailings and the advertisements appearing in New York, asserts personal jurisdiction on the basis of NYCPLR 302(a)(2) which, in relevant part, grants jurisdiction over any person who "commits a tortious act within" New York. Transplan argues that since all the acts complained of were initiated outside the state, and since mere injury in New York caused by an out-of-state tort does not suffice to create jurisdiction under this statute, *Feathers v. McLucas*, 15 N.Y.2d 443, 460, 261 N.Y.S.2d 8, 21, 209 N.E.2d 68, 77 (1965), the statutory requirement is not met. We disagree.

■ Although dicta in *Lynn v. Cohen*, 359 F.Supp. 565, 568 (S.D.N.Y.1973) conclude that the decision in *Feathers* has effectively restricted the statute to require that a defendant be physically present in New York when committing a tort, we do not so understand the case. As we read the opinion it requires only that the tortious act occur in the state, 15 N.Y.2d at 459–60, 261 N.Y.S.2d at 20–24, 209 N.E.2d 68, 76–80. Since, "in cases of trademark infringement . . . the wrong takes place . . . where the passing off occurs," *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir.), *cert. denied*, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76; *reh. denied*, 352 U.S. 913, 77 S.Ct. 144, 1 L.Ed.2d 120 (1956), the alleged tort was committed, *inter alia*, in New York, and personal jurisdiction over the defendant exists. A requirement of physical presence would introduce a totally artificial and unrealistic barrier to jurisdiction. Cf. *Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661, 664 (1st Cir. 1972). In short, we agree with the analysis of Judge Conner in *Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886 (S.D.N.Y.1974) that:

". . . mail order operations in[to] New York fall within the 'plain and precise' meaning of CPLR 302(a)2, which requires no specified level of activity

within the State, but only that the plaintiff suffer some damage as a result of a tortious act committed by defendant or its agent in New York." 374 F.Supp. at 889.

Cf. *Buckley v. New York Post Corp.,* 373 F.2d 175, 179 (2d Cir. 1967).

■ In arguing that its somewhat tenuous connection with New York renders venue in this district improper, the defendant is on firmer ground. Venue is governed by 28 U.S.C. § 1391(b), which allows suit in the district "in which the claim arose." Prior to the addition of this phrase in 1966, venue in federal question cases was strictly limited to the district in which all defendants resided. The amendment was enacted to fill the anomalous gap in cases where multiple defendants resided in different districts and there was no proper venue despite the existence of federal jurisdiction. *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.,* 406 U.S. 706, 710 n. 8, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972). In view of this history the amendment should not be interpreted to find venue in any of the multiplicity of districts in which some part of an alleged wrong, however small, took place. In the context of antitrust or trademark litigation, to take only two examples, such an interpretation could well establish venue in almost every district in the nation. Accordingly, the suggestion implicit in some cases that under § 1391(b) venue lies wherever a wrong or an injury occurs seems questionable. *Iranian Shipping Lines, S. A. v. Moraites,* 377 F.Supp. 644, 648 (S.D.N.Y.1974); *Scott Paper Co. v. Scott's Liquid Gold Inc.,* 374 F.Supp. 184, 190 (D.Del.1974); *Albert Levine Associates v. Bertoni & Cotti,* 314 F.Supp. 169 (S.D.N.Y.1970). The more persuasive approach appears to be that adopted in *Honda Associates, Inc. v. Nozawa Trading, Inc., supra,* that at most the statute gives rise to a right to sue only in a district where a substantial part of the claim arose. 374 F.Supp. at 889–92.

■ Under the *Honda* test, venue does not properly lie in this district. Here, as in *Honda,* the defendant maintains no place of business, mail box, telephone or representative in New York and none of its employees or agents has ever entered the state for business purposes. Moreover it has not earned a penny as a result of its solicitations here and its advertising has been minimal. On its facts it is thus readily distinguishable from both *Scott Paper Co. v. Scott's Liquid Gold, Inc., supra,* 374 F.Supp. 184 and *Tefal S. A. v. Products International Co.,* 529 F.2d 495, (3rd Cir. 1976), *affirming* 186 U.S.P.Q. 545 (D.N.J.1975). In *Scott* the court found the defendant to have conducted an "integrated marketing program" resulting in a "continuous flow of products into [the] state," 374 F.Supp. at 187, and in fact, this, rather than the commission of a tort, was the basis for personal jurisdiction. In *Tefal,* the court found the defendant's contact with the forum state to be more than minimal, under *Honda's* approach, where the state was one of the defendant's five marketing areas, accounted for 5% of sales and the defendant's salesmen promoted the product in the state through live demonstrations. Transamerica's argument that since Transplan has no sales at all, 2–5% of its mailings should suffice under *Tefal* has superficial appeal but is simplistic. It overlooks the fact that the *Tefal* court inferred that 5% sales accounted for "substantial dollar amounts," 529 F.2d at 496, and is based on the questionable assumption that the measure of contact should be the relative portion of a particular defendant's total activities rather than the absolute amount or degree of involvement between the alleged wrong and the purported forum.

We conclude that the defendant's contact with New York has indeed been miniscule and that the claim cannot reasonably be found to have arisen here for purposes of § 1391(b). See *Honda, supra,* 374 F.Supp. at 892. Rather than dismiss the action, however, it is in the interests of justice that it be transferred to the District of New Jersey, in which it clearly "could have been brought." 28 U.S.C. § 1406(a).

We decline to rule on Transamerica's application for preliminary injunctive relief in

the belief that it is preferable for the transferee court, before whom the action will be ultimately determined, to do so.

The Clerk of the Court shall forthwith transfer the file of the case to the Clerk of the District for New Jersey.

It is so ordered.