METROPA CO., LTD., Plaintiff,

v.

Mark CHOI, d/b/a Century Fashions, Inc., Defendant.

No. 78 Civ. 1809.

United States District Court, S. D. New York.

Sept. 19, 1978.

Jacobs & Jacobs, P. C., New York City, for plaintiff; Mark H. Sparrow, New York City, of counsel.

Cooper, Dunham, Clark, Griffin & Moran, New York City, for defendant; Peter D. Murray, New York City, Wills, Green & Meuth, Los Angeles, Cal., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff Metropa Co., Ltd., a New York corporation with its principal place of business in this State, is engaged in the import and sale of a line of wigs under the legally registered trademark, "Naomi Sims Collection." The defendant, Mark Choi, is the owner and operator of a sole proprietorship in California. Plaintiff's complaint alleges that its mark is infringed by defendant's sale of wigs under the names "Naomi Roots Collection" and "Naomi Wigs." Claims are also alleged for unfair competition and dilution. Defendant moves to dismiss the complaint for lack of personal jurisdiction and improper venue[1] or, in the alternative, to transfer the case to the Central District of California.[2]

■ Defendant first challenges this Court's personal jurisdiction over him. Federal courts look to state law to determine personal jurisdiction even in federal question cases,[3] and plaintiff cites New York's "long-arm statute"[4] as the basis for personal jurisdiction over defendant. Since "in cases of trade-mark infringement . . . the wrong takes place . . . where the passing off occurs,"[5] and plaintiff alleges that defendant passed off infringing goods in New York, jurisdiction exists over Choi as a non-domiciliary who "commits a tortious act within the state."[6] Though defendant's contacts with the State are, indeed, minimal, they are sufficient to meet the requirements of New York's long-arm statute[7] and the Due Process Clause of the Constitution.[8]

■ Defendant's second claim, challenging venue in this district, has merit. Plaintiff's allegations of venue rest on section 1391(b) of the Judicial Code:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.[9]

1. Fed.R.Civ.P. 12(b)(2), (3).

2. 28 U.S.C. §§ 1404(a), 1406(a).

3. *United States v. First Nat'l City Bank*, 379 U.S. 378, 381, 85 S.Ct. 528, 13 L.Ed.2d 365 (1965); *Sterling Television Presentations, Inc. v. Shintron Co.*, 454 F.Supp. 183 (S.D.N.Y. 1978); *Louis Marx & Co. v. Fuji Seiko Co.*, 453 F.Supp. 385 (S.D.N.Y.1978).

4. N.Y.Civ.Prac. Law & Rules § 302(a)(1)–(3).

5. *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir.), *cert. denied*, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956); *see The Governor & Co. of Adventurers of England Trading into Hudson's Bay v. Herter's, Inc.*, 77 Civ. 3989 (S.D.N.Y. July 5, 1978); *Marvel Prods., Inc. v. Fantastics, Inc.*, 296 F.Supp. 783, 787 (D.Conn.1968).

6. N.Y.Civ.Prac. Law & Rules § 302(a)(2) ("[A] court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act within the state except as to a cause of action for defamation of character arising from the act . . . .")

7. *Honda Assocs., Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886, 889 (S.D.N.Y.1974) (finding personal jurisdiction under N.Y.Civ.Prac. Law & Rules § 302(a)(2) based on sale of goods with value of $37.00); *see Transamerica Corp. v. Transfer Planning, Inc.*, 419 F.Supp. 1261 (S.D. N.Y.1976).

8. A business is subject to personal jurisdiction when it has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), *quoted in Shaffer v. Heitner*, 433 U.S. 186, 216, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); *see McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *International Shoe Co. v. State of Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

9. 28 U.S.C. § 1391(b). Plaintiff does not rely on 28 U.S.C. § 1391(c), presumably because it recognizes that defendant corporation is not "incorporated or licensed to do business or is doing business" in New York. *See Sentex, Inc. v. Jorito, Inc.*, 77 Civ. 3023 (N.D.Ill. July 28, 1978); *Honda Assocs., Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886, 889–90 (S.D.N.Y.1974).

Since defendant does not reside in the Southern District of New York, plaintiff's assertion of venue depends on whether "the claim arose" in this district. Plaintiff contends that the "plain meaning" of section 1391(b) is that venue lies in all districts where any part of the claim arises.

This interpretation, however, is supported by neither the language nor purposes of the provision. Thus a literal construction of the section, grounding venue *"only in the* judicial district . . . in which *the* claim arose," would not support the contention that venue is proper in any of *several* districts where *part* of the claim arises. Nor did Congress intend such a radical expansion of federal venue when it added the foregoing language to section 1391(b) in 1966. Rather, Congress sought "to close a 'gap' in the venue laws, which had [before 1966] given plaintiffs no proper venue for actions against multiple defendants residing in different districts"[10] and to "provid[e] in some cases a more convenient forum, not only for the litigants involved, but also for the witnesses who are to testify in the case."[11] Neither goal indicates that Congress intended to expand federal venue to the extent that plaintiff suggests.

■ Though rejecting plaintiff's expansive view of section 1391(b), the Court need not adopt defendant's very narrow reading, which would define the claim as arising only in the judicial district where defendant's business contacts have been more substantial than in any of the other districts in which it does business.[12] Instead, the Court agrees with Judge Conner, who construed section 1391(b) in *Honda Associates, Inc. v. Nozawa Trading, Inc.*[13] to provide that "the claim should not be deemed to have arisen in a district in which the defendant has only a *miniscule contact."*[14] Defendant in this case maintains offices and stores only in California, does not advertise or solicit business in the City or State of New York, and does not have any salesmen or agents operating in this district. Its only contact with this district has been the mail-order sale of two wigs, at a combined price of $28.99, to a wig dealer in Manhattan. Such a miniscule contact, while sufficient to ground personal jurisdiction under New York's long-arm statute, is inadequate to establish venue in the Southern District of New York.[15]

■ Finding improper venue, the Court is empowered either to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[16] Courts will generally transfer such cases when it is

**10.** *Honda Assocs., Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886, 891 (S.D.N.Y.1974); *see Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 710 n. 8, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972).

**11.** S.Rep.No. 1752, 89th Cong., 2d Sess. (1966), *reprinted in* [1966] U.S.Code Cong. & Admin. News, pp. 3693, 3694 (quoting letter from Attorney General in support of legislation).

**12.** *Cf.* 1 Moore's Federal Practice *"* 0.142[5—.2].

**13.** 374 F.Supp. 886 (S.D.N.Y.1974).

**14.** *Id.* at 892 (emphasis added). *Nozawa* has been unanimously followed in this district to deny venue in trademark infringement cases where no substantial part of the infringing action occurs within the confines of this judicial district. *See The Governor & Co. of Adventurers of England Trading into Hudson's Bay v. Herter's, Inc.*, 77 Civ. 3989 (S.D.N.Y. July 5, 1978); *Kaplan v. Slott*, 76 Civ. 5243 (S.D.N.Y. Sept. 28, 1977); *Transamerica Corp. v. Trans-*

fer *Planning, Inc.*, 419 F.Supp. 1261 (S.D.N.Y. 1976); *Weil v. New York State Dep't of Transp.*, 400 F.Supp. 1364, 1365 (S.D.N.Y. 1975); *Ghazoul v. International Management Servs., Inc.*, 398 F.Supp. 307, 314–15 (S.D.N.Y. 1975); *cf. United States ex rel. Flemings v. Chafee*, 330 F.Supp. 193, 194 (E.D.N.Y.), *aff'd*, 458 F.2d 544 (2d Cir. 1972), *rev'd on other grounds*, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973). *See also Tefal, S.A. v. Products Int'l Co.*, 529 F.2d 495, 496–97 (3d Cir. 1976); *Sentex, Inc. v. Jorito, Inc.*, 77 Civ. 3023 (N.D.Ill. July 28, 1978); *Hindu Incense v. Meadows*, 439 F.Supp. 844 (N.D.Ill.1977).

**15.** *Cf., e. g., Sterling Television Presentations, Inc. v. Shintron Co.*, 454 F.Supp. 183 (S.D.N.Y. 1978); *Transamerica Corp. v. Transfer Planning, Inc.*, 419 F.Supp. 1261 (S.D.N.Y.1976); *Honda Assocs., Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886 (S.D.N.Y.1974).

**16.** 28 U.S.C. § 1406(a).

clear wherein proper venue would be laid;[17] in this suit venue would be proper in the Central District of California, the residence of defendant. Moreover, the convenience of the parties will be served by transferring the case to California. Not only are all of defendant's records and potential witnesses in Los Angeles, California, but since its marketing area is centered in California, most potential evidence concerning sales of the respective products of the parties and likelihood of confusion exists in California, not in New York.[18]

Although the Court has jurisdiction in this case, it finds that venue has been improperly laid in this district and, therefore, transfers the case to a forum wherein venue is properly laid—the Central District of California.[19]

17. *Sentex, Inc. v. Jorito, Inc.,* 77 Civ. 3023 (N.D.Ill. July 28, 1978); *Transamerica Corp. v. Transfer Planning, Inc.,* 419 F.Supp. 1261 (S.D. N.Y.1976); *Hartke v. FAA,* 369 F.Supp. 741 (E.D.N.Y.1973).

18. *Cf.* 28 U.S.C. § 1404(a); *Volk Corp. v. Art-Pak Clip Art Serv.,* 432 F.Supp. 1179 (S.D.N.Y. 1977); *Schneider v. Sears,* 265 F.Supp. 257 (S.D.N.Y.1967).

19. While the Court has heard, and is prepared to decide, plaintiff's motion for summary judgment, the motion is also transferred, primarily because this Court should defer judgment to the transferee Court in California. Indeed, the Ninth Circuit rule on summary judgment may be more lenient than the stringent practice followed in this Circuit. *See, e. g., Heyman v. Commerce & Indus. Ins. Co.,* 524 F.2d 1317, 1319–20 (2d Cir. 1975); *Abercrombie & Fitch Co. v. Hunting World, Inc.,* 461 F.2d 1040 (2d Cir. 1972).