**INTERNATIONAL HOUSEWARES CORPORATION, Plaintiff,**

v.

**TRANS DUCK INTERNATIONAL, INC., Defendant.**

**No. 84 Civ. 2323 (SWK).**

United States District Court, S.D. New York.

April 7, 1986.

Nims, Howes, Collison & Isner by Andrew Baum, New York City, for plaintiff.

Kenyon & Kenyon by Walter E. Hanley, Jr., New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff filed this suit for false designation of origin of goods sold pursuant to 15 U.S.C. § 1125(a) (section 43(a) of the Lanham Act). Defendant now moves to change venue pursuant to 28 U.S.C. § 1404(a).

### FACTUAL BACKGROUND

Plaintiff ("International Housewares") is a Massachusetts corporation having its principal place of business in Pittsfield, Massachusetts. For more than forty years, plaintiff and its predecessors have manufactured and sold coffee-makers under the trademark Chemex. Defendant ("Trans Duck") incorporated under California law in 1981 and operates out of Belmont, California. Trans Duck imports and sells housewares, including a coffee-maker similar to that of plaintiff. International Housewares alleges that Trans Duck has unfairly copied the Chemex product, which is not protected by a patent, copyright, or registered trademark. Instead, plaintiff claims that the nonfunctional design of the Chemex pot and its acquired secondary meaning compel the defendant to cease distributing its product.

Trans Duck contests plaintiff's claims and urges transfer of the suit to the Northern District of California on the grounds that it is a more convenient forum for the parties and witnesses. First, Trans Duck maintains that the Southern District of New York has virtually no connection to the lawsuit: neither party resides in the Southern District,[1] and competition between the parties here is minimal.[2] Second, Trans Duck alleges that a trial in this forum would impose a substantial burden

---

1. Although defendant does not reside in the Southern District of New York, it does advertise and maintain a sales representative here.

2. International Housewares has argued that the Southern District of New York is the proper forum because that is where most of Trans Duck's "passing off" has occurred. At the time of this assertion, plaintiff was unaware that the majority of head-to-head competition between the parties takes place in the Northern District of California. Trans Duck's sales of the pot in the Northern District of California comprise approximately 60% of its business, whereas sales in the Southern District of New York comprise only 14%. This data was negligently omitted from defendant's responsive interrogatories, as admitted by Trans Duck in its reply memorandum.

on Trans Duck because it could not function without its president during trial and cannot afford to send witnesses to New York.[3]

In comparison, the Northern District of California is the forum where the majority of the parties' direct competition takes place. The action would thus arise primarily in that district. Trans Duck also argues that the Northern District would be convenient to plaintiff, as International Housewares' personnel have been able to make several business trips there in the year prior to commencement of this action.

Plaintiff, however, claims that it would not be convenient to litigate in the Northern District of California. International Housewares has minimal contacts in that district,[4] which is 3,000 miles from plaintiff's headquarters. In contrast, the Southern District of New York is where plaintiff's predecessor resided until 1969. Plaintiff's necessary lay witnesses (dealers, buyers, and trade journalists) and expert witnesses are found within the greater New York area. Documents concerning the promotion of the Chemex product during the years prior to plaintiff's acquisition of the company are located in Manhattan. Finally, International Housewares points out that defendant's president has made three business trips to New York during the year preceding initiation of suit, thus indicating that the Southern District is convenient for Trans Duck.

Trans Duck states that International Housewares is merely forum-shopping, since plaintiff may find the same lay witnesses in California and the parties may stipulate to the substance of the promotional reports. Trans Duck also asserts that its business trips to New York were one-night stop-overs, unlike plaintiff's commission of several employees to California on business trips of varying length.

## DISCUSSION

Under 28 U.S.C. § 1404(a), a court may transfer an action to a more convenient forum when plaintiff's choice places a substantial burden on the defendant and the proposed forum would better serve the interests of justice. Since plaintiff has the privilege of choosing venue, however, this Circuit requires the defendant to show that the balance of hardship weighs *heavily* in its favor. *A. Olnick & Sons v. Dempster Brothers, Inc.*, 365 F.2d 439, 444 (2d Cir. 1966); *Somerville v. Major Exploration, Inc.*, 576 F.Supp. 902, 908 (S.D.N.Y.1983).

Trans Duck has not proven that the Northern District of California would be more convenient to the parties. Ordinarily, a plaintiff's choice of forum may not be given great deference when suit is brought in a district where plaintiff does not reside. *See Pesin v. Goldman, Sachs & Co.*, 397 F.Supp. 392, 394 (S.D.N.Y.1975). This rule does not apply here, however, since International Housewares has chosen the closest forum in which personal jurisdiction may be asserted over Trans Duck. *See Mayer v. Development Corp. of America*, 396 F.Supp. 917, 932 n. 26 (D.Del.1975); *see also Schindelheim v. Braniff Airways, Inc.*, 202 F.Supp. 313, 315 (S.D.N.Y.1962) (defendant's burden remains substantial where plaintiff's choice "is the most convenient and natural forum available").

Furthermore, other courts in this district which have held that a plaintiff's choice of forum will be given little weight when he does not reside here have also required that the Southern District have no material connection to the case at bar. *See, e.g., Allied International Products Ltd. v. Textron Industries, Inc.*, 382 F.Supp. 210, 213 (S.D.N.Y.1974); *Wibau v. American Hoist & Derrick Co.*, 293 F.Supp. 273, 275 (S.D. N.Y.1968). Since the alleged violation of the Lanham Act occurred in Manhattan, the Southern District has a material connection to the controversy. This material connection exists despite the greater amount of "passing off" alleged to occur elsewhere. *Cf. Metropa Co. v. Cyhoi*, 458

---

**3.** Trans Duck is basically a one-person business which, as of the initiation of this suit, had yet to earn a profit.

**4.** International Housewares has advertised its Chemex pot in the Northern District of California and maintains a sales representative there.

F.Supp. 1052, 1055 (S.D.N.Y.1978) (under 28 U.S.C. § 1391(b), unfair competition and dilution action need not be brought in the district where most of defendant's business is conducted).[5]

The Southern District's connection to the suit is further established by Trans Duck's advertisements and maintenance of a sales representative here. *Compare Metropa*, 458 F.Supp. at 1055 (sale of two wigs at a combined price of $28.99, lack of New York offices or salesmen, and absence of advertising in New York held inadequate to establish venue) *with McDonald's Corp. v. Congdon Die Casting Co.*, 454 F.Supp. 145, 147–48 (N.D.Ill.1978) (defendant's contacts with the forum held sufficient to establish venue under 28 U.S.C. § 1391(b) where defendant had a sales representative and conducted less than 3% of its business in that district).

Similarly, this Court gives great weight to the convenience of International Housewares' witnesses. Trans Duck has claimed that International Housewares may find comparable witnesses in *California.*[6] Were this court to agree with defendant, Trans Duck would be allowed to usurp plaintiff's power to build its own case.

Thus, although defendant's arguments are at first glance persuasive, the action must stay in the Southern District of New York. Change of venue is inappropriate where the result would merely shift the inconvenience and expense from one party to the other. *Brierwood Shoe Corp. v. Sears, Roebuck & Co.*, 479 F.Supp. 563, 566 (S.D.N.Y.1979). Litigation in a California forum would be almost as burdensome to International Housewares as New York litigation is to Trans Duck. When incon-

venience to the parties is relatively equal, the plaintiff's choice prevails. *Trafalgar Capital Corp. v. Oil Producers Equipment*, 555 F.Supp. 305, 314 (S.D.N.Y.1983).

SO ORDERED.

---

5. Trans Duck has waived any argument that venue is improper by failing to assert such in its motions. Venue is proper in this district pursuant to 28 U.S.C. 1391(b).

6. Trans Duck has claimed that no witnesses will be needed on the issue of nonfunctionality because a recent Northern District of California decision has precluded plaintiff's claim. See *Cable Electric Products, Inc. v. Genmark, Inc.*, 586 F.Supp. 1505, 1058 (N.D.Cal.1984), in which the court held that nonfunctionality of design does not exist when a plaintiff represents to the Patent Office that a design is patentably utilitari-

an. Trans Duck has alleged in its reply memorandum that plaintiff's predecesor received a patent on the Chemex pot which expired in 1964, and that plaintiff's predecessor implied that the design was nonfunctional when he went before the PTO. However, *Cable Electric* has since been vacated in relevant part. 770 F.2d 1015, 1020–21 (Fed.Cir.1985). Thus, since plaintiff's claim would be viable in either the Southern District of New York or Northern District of California, plaintiff cannot be accused of forum shopping.