## TAURUS INTERNATIONAL INCORPORATED,
### Plaintiff,

v.

## TITAN WHEEL INTERNATIONAL INC. and Titan Tire Corporation,
### Defendants.

### No. 95 Civ. 0729 (SAS).

United States District Court, S.D. New York.

March 10, 1995.

Miriam L. Siroky, Kenneth A. Plevan, Skadden, Arps, Slate, Meagher & Flom, New York City, for plaintiff, Taurus Intern. Inc.

Frederick F. Calvetti, Scott D. Greenberg, Ned W. Branthover, Morgan & Finnegan, New York City, for defendants Titan Wheel Intern. Inc. and Titan Tire Corp.

## MEMORANDUM OPINION

SCHEINDLIN, District Judge.

Plaintiff, Taurus International Incorporated ("Taurus"), seeks preliminary and permanent injunctive relief and damages against defendants Titan Wheel International Inc. ("Titan Wheel") and Titan Tire Corporation ("Titan Tire") (collectively "Defendants"). Plaintiff alleges infringement of the TAURUS bull logo trademark and TAURUS word trademark in violation of Sections 32 (infringement of a registered mark) and 43(a) (false designation of origin) of the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)), and for common law unfair competition.

Defendants move to have this action dismissed pursuant to Fed.R.Civ.P. 12(b)(2) and (3) for lack of personal jurisdiction and improper venue or, in the alternative, to transfer venue to a proper or more convenient forum pursuant to 28 U.S.C. §§ 1404(a), 1406(a). Because Taurus has failed to establish by a preponderance of the evidence that the Court has jurisdiction over the defendants, the Motion to Dismiss for lack of personal jurisdiction is granted.

## I. FACTS

Taurus, a New Jersey corporation with its principal executive offices in Wayne, New Jersey, is primarily engaged in the distribution of truck and farm tires manufactured by its parent company, a Hungarian corporation. Taurus has prominently and extensively used two trademarks in advertising and promoting its products throughout the United States. These two trademarks consist of: (i) a logo depicting a charging bull, and (ii) the word trademark "TAURUS." Both the bull logo and the word trademark are registered with the United States Patent and Trademark Office.

Titan Wheel, which manufactures steel wheels and rims for the off-highway vehicle market, is an Illinois corporation with its principal place of business in Quincy, Illinois. Titan Tire, a wholly owned subsidiary of Titan Wheel, is an Illinois corporation with its principal place of business in Des Moines, Iowa. It manufactures tires for agricultural and industrial vehicles. Neither defendant

conducts business or maintains an office in New York, and defendants have never consented to personal jurisdiction in this State. *See* Declaration of Maurice M. Taylor, President and Chief Executive Officer of Titan Wheel, dated February 8, 1995 ("Taylor Decl.") at ¶ 16.

In or around August 1994, Titan Wheel purchased Titan Tire. In or around October 1994, Titan Wheel announced its plans to begin using a logo consisting of a charging bull in connection with its farm tire business. Despite Taurus' earlier protests of infringement, Taurus learned, in December 1994, that Titan Wheel had actually started to use a bull logo on its 1994 Third Quarter Report to its shareholders disseminated throughout the United States, including at least one shareholder in New York City.

In its Complaint filed on February 2, 1995, Taurus claims that defendants' use of a design of an alleged "bull" infringes its own registered trademarks "Taurus" and a design of a "charging bull." Taurus' sole allegation of personal jurisdiction over Defendants is based on a Dun & Bradstreet Report indicating that a company known as 399 Venture Partners Inc., located in New York, New York, owns 11% of Titan Wheel's stock.[1] "As a major shareholder, 399 Venture Partners would have received the Third Quarter Report—bearing defendant's infringing logo—in this district." Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss and for a Transfer of Venue ("Pl.'s Mem.") at 5.

## II. DISCUSSION

New York's long-arm statute provides for jurisdiction over a non-domiciliary defendant who commits a tortious act within the state. N.Y.Civ.Prac.L. & R. 302(a)(2) (McKinney 1994) ("CPLR"). In addition, the Supreme Court has held that due process requires that a defendant have minimum contacts with and avail itself of the benefits and protections of the state in order for the court to exercise jurisdiction over it. *International Shoe Co. v. Washington*, 326 U.S. 310, 66

S.Ct. 154, 90 L.Ed. 95 (1945). Plaintiff has the burden of establishing that this Court has jurisdiction over defendant by a preponderance of the evidence. *CutCo Indus. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986).

In its Complaint, Taurus asserts personal jurisdiction over defendants *solely* under CPLR § 302(a)(2). *See also* Pl.'s Mem. at 2 *passim*. In the Complaint, Taurus claims that defendants, who are concededly non-domiciliaries, have committed a tortious act within New York by Titan Wheel's mailing of its Third Quarter Report, containing the alleged infringing logo, to a New York shareholder. Complaint at ¶ 14.

Ordinarily, a single mailing into the state would be insufficient to support a finding of personal jurisdiction. In *Fox v. Boucher*, 794 F.2d 34, 37 (2d Cir.1986), the defendant allegedly committed a prima facie tort during a telephone conversation from New Jersey into New York. The Second Circuit stated the following:

> [o]ne single telephone call made to New York State is insufficient contact to support a suit initiated in that forum against an out-of-state resident under either the contract or tort provisions of CPLR 302. *See Mayes v. Leipziger*, 674 F.2d 178 (2d Cir.1982); *Sterling Nat. Bank v. Southern Scrap Export Co.*, 468 F.Supp. 1100 (S.D.N.Y.1979). The mere possibility of foreseeable consequences in New York does not give New York *in personam* jurisdiction.

Furthermore, this Court has held on numerous occasions that the mailing of a letter into New York from another state, which results in injury in New York, is insufficient to support a finding of personal jurisdiction. *See Van Essche v. Leroy*, 692 F.Supp. 320, 324–5 (S.D.N.Y.1988) (mailing of allegedly false letter); *Paul v. Premier Elec. Constr. Co.*, 576 F.Supp. 384, 389 (S.D.N.Y.1983) (improperly mailing a notice of mechanic's lien); *Bialek v. Racal–Milgo, Inc.*, 545 F.Supp. 25, 35 (S.D.N.Y.1982) (fraud); *Marine Midland Bank v. Keplinger & Assocs.*, 488 F.Supp.

---

1. Taurus asserts that the Court has personal jurisdiction over Titan Tire because it is a wholly owned subsidiary of Titan Wheel. As there is no personal jurisdiction over Titan Wheel and there is no independent allegation of jurisdiction over Titan Tire, the Court need not address this issue.

699, 703 (S.D.N.Y.1980) (knowingly sending a false statement); *American Edelstaal, Inc. v. Maier,* 460 F.Supp. 613, 620 (S.D.N.Y.1978) (sending solicitations).

Taurus claims, however, that the basis for assertion of personal jurisdiction is more expansive in trademark infringement cases. For authority, Taurus relies primarily on three cases decided by this Court. *Transamerica Corp. v. Transfer Planning, Inc.,* 419 F.Supp. 1261 (S.D.N.Y.1976); *Honda Associates, Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. 886 (S.D.N.Y.1974); *Vanity Fair Mills v. T. Eaton Co.,* 133 F.Supp. 522 (S.D.N.Y.1955), *aff'd by* 234 F.2d 633 (2d Cir.1956). In these cases, this Court stated that "in cases of trademark infringement . . . the wrong takes place . . . where the passing off occurs." *Transamerica,* 419 F.Supp. at 1262, citing *Vanity Fair Mills,* 234 F.2d at 639. *See also Honda Associates,* 374 F.Supp. at 888. Thus, Taurus claims that personal jurisdiction is established under CPLR § 302(a)(2) since the infringing logo was disseminated in this district, *i.e.,* a tort was committed in this district.

All three cases relied on by Taurus, however, involved solicitations. In *Honda,* jurisdiction was established by defendant's mailings into New York of catalogs containing the infringing trademark for mail order sales. Likewise, *Transamerica* concerned a direct mailing campaign with brochures containing the infringing symbols soliciting business. In *Vanity Fair,* the Court of Appeals stated that the tortious act occurs "where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's." 234 F.2d at 639. Similarly, this Court in *Transamerica,* 419 F.Supp. at 1262–63, stated that " . . . mail order operations in[to] New York fall within the 'plain and precise' meaning of CPLR 302(a)(2), which requires . . . only that the plaintiff suffer some damage as a result of a tortious act committed by defendant or its agent in New York" (quoting *Honda,* 374 F.Supp. at 889). Taurus also relies on *QRM Publishing Company, Inc. v. Reed,* 230 U.S.P.Q. 217, 218, 1986 WL 6490 (S.D.N.Y.1986), in which this Court stated that "[i]t is established law in this Circuit that the offering for sale within New York of allegedly infringing products

confers jurisdiction upon this Court under § 302(a)(2)."

Titan Wheel's mailing of its Third Quarter Report was not intended to derive business or profits. Taurus is relying on decisions involving solicitations which are designed to sell goods or services. These mailings are not comparable to the distribution of a quarterly report to shareholders. Moreover, in both *Transamerica* and *Honda* this Court, upon finding that jurisdiction was proper in this forum, proceeded to transfer both cases "in the interests of justice" to a venue in which the case originally could have been brought. 28 U.S.C. § 1406(a); *Honda Associates, Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. at 892; *Transamerica Corp. v. Transfer Planning, Inc.,* 419 F.Supp. at 1263.

■ Finally, the Court notes that since neither defendant maintains an office, conducts business, advertises, offers for sale, delivers or sells any product in New York State, neither has availed itself of the benefits of this forum, has sufficient contacts with it, or should reasonably be expected to defend its actions here. Permitting otherwise would violate due process. *See McGee v. International Life Ins. Co.,* 355 U.S. 220, 222–223, 78 S.Ct. 199, 200–201, 2 L.Ed.2d 223 (1957); *see also, Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

## III. CONCLUSION

Given Taurus' failure to establish that the Court has jurisdiction over defendants, the Court need not address defendants' other motions.

Accordingly, defendants' Motion to Dismiss the Complaint for lack of jurisdiction is hereby granted.

SO ORDERED.