SEABROOK FOODS, INC., Plaintiff,

v.

SEABROOK BROTHERS & SONS, INC., James Seabrook and Charles Seabrook, Defendants.

80 Civ. 1405 (MEL).

United States District Court, S. D. New York.

Aug. 19, 1980.

Cowan, Liebowitz & Latman, New York City, for plaintiff; Mitchell A. Frank, New York City, of counsel.

Bobrow, Greenapple, Distler & Midler, New York City, for defendants; Lawrence Greenapple, New York City, of counsel.

LASKER, District Judge.

In this action for trademark infringement and unfair competition, defendants move to dismiss the complaint on the ground that venue is improper in the Southern District of New York. Alternatively, they move to

transfer this case to the District of New Jersey.[1]

Seabrook Foods, Inc. alleges that defendants' use of the trademark and tradename "Seabrook Brothers and Sons" to market frozen food constitutes trademark infringement in violation of section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), false designation of origin in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), common law unfair competition, and dilution in violation of N.Y.Gen. Bus.Law § 368–d.

■ The controlling statute is 28 U.S.C. § 1391(b), which provides that suit may be brought in the district in which all the defendants reside, or where "the claim arose." Since both individual defendants reside in New Jersey, disposition of this motion depends on the determination of where the claim "arose" for venue purposes.[2]

Earlier decisions of this court have addressed the issue of where a claim for trademark infringement can be said to arise when, as here, a defendant conducts multistate business. In *Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886 (S.D.N.Y.1974), Judge Conner adopted the "weight of contacts" test:

> "[I]n determining where 'the claim arose,' the weight of defendant's contacts in the various districts concerned must be compared, and the claim must be deemed to have arisen in the district where the contacts had been most significant."

*Id.* at 891. In *Honda,* because the defendant's contacts with this district were "miniscule," venue was found to be improper and the case was transferred.

We followed the "weight of contacts" approach in *Transamerica Corp. v. Transfer Planning, Inc.,* 419 F.Supp. 1261 (S.D.N.Y. 1976), relying on the history of section 1391(b). Prior to 1966, venue under section 1391(b) was limited to that district in which all the defendants resided. In 1966, the language "or in which the claim arose" was added

> "to fill the anomalous gap in cases where multiple defendants resided in different districts and there was no proper venue despite the existence of federal jurisdiction . . . [T]he amendment should not be interpreted to find venue in any of the multiplicity of districts in which some part of an alleged wrong, however small, took place. . . . [A]t most the statute gives rise to a right to sue only in a district where a substantial part of the claim arose."

*Id.* at 1263 (citations omitted). Also finding the defendant's contacts with this district "miniscule," we held that venue was improper and transferred the *Transamerica* action.

Defendants here concede that their contacts with this district cannot be termed "miniscule," but argue that they are not "substantial" either. Defense affidavits indicate that less than one-sixth of the sales of the corporate defendant are made in this district, but that approximately one-half of its sales are made in New Jersey and the remainder throughout eastern United States, and that the defendants have no employees, agents or offices here. Plaintiff responds that the execution of one-sixth of a company's sales in a particular district constitutes "substantial" contact with that district, sufficient to justify venue here.

1. There is some question as to whether defendants are seeking a transfer pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses." Although the Notice of Motion requests a transfer "[p]ursuant to 28 U.S.C. §§ 1404(a) and 1406(c)," and plaintiff argues in its brief that defendants have not shown that trial of this action would be significantly less inconvenient in New Jersey than here, defendants assert in their reply brief that this "motion is simply for a 1406(a) transfer." Accordingly, the motion will be treated as one for a section 1406(a) transfer, which applies when venue is found to be improper.

2. Plaintiff relies on 28 U.S.C. § 1391(c) which provides that the residence of a corporation for venue purposes may be deemed to be in any district in which it "does business." However, since, as just noted, the two individual defendants reside in New Jersey, even if the corporate defendant's residence was in this district, venue would not be proper unless the claim can be said to have arisen here.

■ Although the determination whether "less than one sixth" of a company's total sales within a particular district amount to "substantial" contacts is not clearly dictated by the prior cases [3] (which involved significantly less sales in the district concerned), defendants' position must prevail here when the history of the statutory language noted earlier is considered. The phrase "in which the claim arose" was intended only to eliminate the situation in which venue was not proper in any district, but clearly not to permit suit in every district in which a defendant sells its product. *See Transamerica Corp. v. Transfer Planning, Inc., supra*, 419 F.Supp. 1261, 1263 (S.D.N.Y. 1976); *Honda Associates, Inc. v. Nozawa Trading, Inc., supra*, 374 F.Supp. 886, 891 (S.D.N.Y.1974).

■ In sum, we find that defendants' contacts with this district are insufficient to support the proposition that plaintiff's claim "arose" in this district, as that term is used in 28 U.S.C. § 1391(b).

However, in the interests of justice it appears that the case should not be dismissed but should be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1406(a), as alternatively moved by the plaintiff.

The Clerk of the court shall transfer the file of this case to the Clerk of the court of the District of New Jersey.

It is so ordered.

---

**3.** Plaintiff argues that since 5% of the defendant's national sales in New Jersey was sufficient to lay venue there in *Tefal, S.A. v. Products International Co.*, 529 F.2d 495 (3d Cir. 1976), and 3% of the defendant's national sales in New York was sufficient to lay venue there in *Factors Etc., Inc. v. Creative Card Co.*, 444 F.Supp. 279 (S.D.N.Y.1977), then 16.66% of defendants' sales here should be sufficient to lay venue here. However, both *Tefal* and *Factors* are distinguishable from the facts here. In *Tefal*, the defendant conducted live demonstra-
tions in New Jersey and the claim was for alleged infringing sales in that state only, while plaintiff here seeks to enjoin defendants' sales everywhere, so that any sales in New Jersey in *Tefal* assumed greater significance than defendants' sales in New York. In *Factors*, Judge Tenney expressly did not rely on the amount of sales by defendant in New York, but based his finding of proper venue on the presence of the defendant's sales representatives in New York. 444 F.Supp. at 287.