**WINDSOR INDUSTRIES, INC., Plaintiff,**

v.

**U.S. DIAMOND IMPORTS, a/k/a Windsor Industries, a partnership, a/k/a Windsor Industries, a partnership, and the partners thereof, Daniel Fingarette, James Bainaridge and Bill Burke, Defendants.**

No. 82 Civ. 4547(MEL).

United States District Court,
S.D. New York.

Oct. 22, 1982.

**416**

Haas, Greenstein, Hauser, Cohen & Gerstein, New York City, for plaintiff.

Nims, Howes, Collison & Isner, New York City, for defendants; Bert A. Collison, Andrew Baum, William R. Hansen, Julie Lauber, New York City, of counsel.

LASKER, District Judge.

In this action for trademark infringement and unfair competition, plaintiff seeks a preliminary injunction, and defendants move for dismissal on the ground that venue is improper in the Southern District of New York.

Plaintiff alleges that defendants, by use of the tradename "Windsor" in their business, have violated sections of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.,* and the Tariff Act of 1930, 19 U.S.C. § 1526, as well as the common law of unfair competition, and have diluted the trademark of the plaintiff, N.Y. Gen.Bus. Law § 368–d.

## I.

The plaintiff seeks a preliminary injunction to restrain the defendants from mar-

keting any electronic products with the tradename "Windsor", and to enjoin the defendants from conducting business in the name "Windsor Industries." To justify the grant of a preliminary injunction to issue, the movant must show:

> "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief."

*Standard & Poor's Corporation, Inc. v. Commodity Exchange, Inc.,* 683 F.2d 704 at 707 (2d Cir. 1982).

In a trademark infringement action, the requisite likelihood of success on the merits as well as the risk of irreparable harm is established by a showing of likelihood of confusion as to the source of the goods. *Standard & Poor's, supra,* at 708. The factors to be considered in determining whether such confusion may arise include the strength of the mark, actual confusion, and the good or bad faith of the defendant in choosing its mark. *See Polaroid Corp. v. Polarad Electronics Corp.,* 287 F.2d 492, 495 (2d Cir.), *cert. denied,* 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961). Application of these factors to this case fails to support the issuance of a preliminary injunction.

The only product which plaintiff has specifically alleged is trademark infringing is a radio. Defendants have changed the mark on this product from "Windsor" to "Winsonic" upon discovering the possibility of confusion. This indicates their good faith in choosing a mark, as well as in reducing the risk of actual confusion between products of the two companies. Moreover, it clearly eliminates the possibility of continuing damage, if there has been any to date, to the plaintiff. Furthermore, plaintiff's products are sold in markets substantially dissimilar from those of defendants. This fact greatly lessens the likelihood of confusion between the two.[1] Final-

---

1. Plaintiff markets its products primarily in retail stores. Defendants' sales are made almost

exclusively to wholesalers and distributors who

ly, defendants have shown that the "Windsor" mark, while reserved to the plaintiff for certain products, is a frequently used mark so that the plaintiff's mark may not be strong enough to have achieved secondary significance.

Nor has plaintiff shown irreparable harm or, even if it be assumed that they have raised the requisite "serious questions", that the balance of hardships tips decidedly in their favor. For these reasons, the motion for a preliminary injunction is denied.

## II.

[4] The controlling statute as to the propriety of venue is 28 U.S.C. § 1391(b). It provides that an action may be brought "only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."[2] Since the partners who comprise the defendant partnership reside in California, and the partnership is organized in California, the dispositive question is whether the claim "arose" in the Southern District of New York within the meaning of § 1391(b).

Prior cases dealing with the question where a claim for trademark infringement arises for venue purposes have developed a "weight of contacts" test. *Seabrook Foods v. Seabrook Bros. & Sons, Inc.,* 495 F.Supp. 792 (S.D.N.Y.1980). The weight of contacts test was first applied in this district by Judge Conner in *Honda Associates, Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. 886 (S.D.N.Y.1974), and involves a comparison of defendants' contacts in the various concerned districts. The claim is deemed to have arisen in the district where the contacts are found to be most significant. *Id.* at 891. In *Seabrook,* defendants' sales in New York comprised 16.6% of its total sales, but defendant maintained no offices nor did it

have any sales representatives in New York. Defendants' contacts with this district were found insufficient to support the proposition that the claim "arose" here, and the case was transferred pursuant to 28 U.S.C. § 1406(a). 495 F.Supp. at 794.

■ In this action, plaintiff alleges that defendants appeared at a trade show in New York City in May 1982, marketing, among other items, a radio bearing the name "Windsor", for which plaintiffs have a registered trademark. Defendants concede that they appeared at the trade show, but deny having made any sales in New York, or offering their products for sale here. Defendants point out that they are not licensed to do business in New York, and have no sales representatives, offices, warehouses, bank accounts or any other property in New York. (Affidavit of James Bainbridge, partner, Windsor Industries, ¶¶ 2, 5, 7, 8). Plaintiff has presented no evidence to contradict these contentions. In sum, the only evidence of any contact defendants have with this district is that they appeared at the trade show.

Although there is no precise formula for determining whether a defendant's contacts are so significant as to support venue, the defendant's contacts in this case are insufficient to establish that the claim "arose" in this district, as that term is used in 28 U.S.C. § 1391(b). Under the established standards, venue is improper in this district. *Honda Associates, supra; Seabrook Foods, supra; Transamerica Corp. v. Transfer Planning, Inc.,* 419 F.Supp. 1261 (S.D.N.Y. 1976).

■ However, in the interests of justice it appears that the case should not be dismissed, but should be transferred to the Central District of California pursuant to 28 U.S.C. § 1406(a).[3]

resell to buyers who use defendants' products as promotional give-away items.

**2.** Plaintiff claims venue is properly conferred under 19 U.S.C. § 1526, in conjunction with 28 U.S.C. § 1395. The former section gives the holder of the trademark no rights except, arguably, after seizure of infringing goods by the Department of the Treasury. No such seizure

has occurred here, and accordingly § 1526 is inapplicable.

**3.** Defendants did not move for a transfer pursuant to 28 U.S.C. § 1406(a), but indicated in their brief that this alternative to dismissal would be acceptable since defendants reside and do most of their business in that district.

The motion for a preliminary injunction is denied. The motion to dismiss for improper venue is granted, and the action is transferred to the Central District of California pursuant to 28 U.S.C. § 1406(a).

It is so ordered.