**GEORGIA BOOT DIVISION OF U.S. INDUSTRIES, INC., Plaintiff,**

v.

**GEORGIA FOOTWEAR CORPORATION, GIF Corporation, and Georgia Industrial Footwear Corporation, Defendants.**

No. 83 Civ. 6439 (MEL).

United States District Court, S.D. New York.

Feb. 22, 1984.

Darby & Darby, P.C., New York City, for plaintiff; William F. Dudine, Jr., Melvin C. Garner, New York City, of counsel.

Cowan, Liebowitz & Latman, P.C., New York City, for defendants; Robert J. Bernstein, New York City, of counsel.

LASKER, District Judge.

Defendants move pursuant to Fed.R. Civ.P. 12(b)(3) to dismiss the complaint for improper venue or, in the alternative, to transfer this action to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). Plaintiff, alleging violation of the Lanham Act [1] and state unfair competition and trademark infringement laws, moves for a preliminary injunction barring defendants from using the names "Georgia Footwear" and "Georgia Industrial Footwear" in connection with the sale of footwear manufactured by defendants. We treat first the motion to dismiss.[2]

 Venue does not appear to be proper in this district. Venue is proper under 28 U.S.C. § 1391(b) "only in the judicial district where all defendants reside, or in which the claim arose." Since all three defendants are Georgia corporations and are not licensed to do business in New York, they "reside" in this district for venue purposes only if all three are "doing business" in the district within the meaning of 28 U.S.C. § 1391(c). One defendant, Georgia Industrial Footwear Corporation, is a dormant corporation which is not doing business anywhere. Another defendant, GIF Corporation, has never shipped footwear to any customers located in the district and has no offices, employees, bank accounts, or telephone listings here; its only contact with the district consists of the solicitation of orders which are approved in Georgia. As to whether venue is

nevertheless appropriate because the claim can be said to have arisen here, only about 13 percent of Georgia Footwear's total sales are shipped to customers in this district, and the trade shows at which alleged instances of confusion have occurred have taken place in Chicago as well as New York. Accordingly, this district could at best be deemed one of possibly several in which the claim arose, and under the doctrine of *Leroy v. Great Western United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979), the convenience of the plaintiff is not to be considered in determining in which of two or more such districts venue properly lies. Application of the factors set forth in *Leroy* points to the conclusion that venue is proper in the Northern District of Georgia, where most of defendants' witnesses and documentary evidence are located.

 We need not rest our decision on a finding of improper venue, however, because it is clear that a transfer to the Northern District of Georgia is warranted pursuant to 28 U.S.C. § 1404(a). Since plaintiff's operations are located in Tennessee, New York is not a more convenient forum than Georgia for plaintiff's employee witnesses. Georgia, on the other hand, is more convenient for defendants' witnesses, who will include not only employees of the defendants but also officials of the state of Georgia and possibly local officials from Buford, Georgia, whom defendants intend to call in support of their contention that considerations of public policy militate against according to plaintiff trademark rights in the name "Georgia."[3] Plaintiffs have not asserted that the third-party wit-

---

1. 15 U.S.C. §§ 1114(1)(a) and 1125.

2. Plaintiff originally sought to enjoin defendants from participating under the names "Georgia Footwear" or "Georgia Industrial Footwear" in a national trade show held in New York, February 11–14, 1984. At oral argument on the instant motions the parties stated that they had reached an agreement as to the trade show by which the defendants would post a disclaimer satisfactory to plaintiff at their booth at the show. In light of this agreement the immediate concern raised by plaintiff's motion was rendered moot, and therefore it is appropriate to

withhold a determination on the motion until it is determined where the action will be prosecuted.

3. The relevance of such testimony has been confirmed by the decision of the U.S. Patent and Trademark Office rejecting plaintiff's application to register "Georgia Boot" for use on footwear on the grounds that it is "primarily geographically deceptively misdescriptive." *See* Reply Affidavit of Robert J. Bernstein, counsel for defendants, dated February 1, 1984.

nesses from New York whom they wish to call will decline to testify in Georgia, and apart from these witnesses there are no factors which point to this district as a more convenient forum than the Northern District of Georgia. *See generally Coface v. Optique Du Monde, LTD.*, 521 F.Supp. 500, 507 (S.D.N.Y.1980).

For the foregoing reasons, the motion to transfer this action to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) is granted. No action is taken on the motion for a preliminary injunction since it seems more appropriate for that matter to be handled by the court to which the case is transferred.

It is so ordered.