**SUNRAY ENTERPRISES, INC., Plaintiff,**

**v.**

**DAVID C. BOUZA AND ASSOCIATES, INC., David C. Bouza and Sunbelt Footwear, Inc., and Several Unknown John Does, and Jane Does, Defendants.**

No. 83 Civ. 8408 (JMC).

United States District Court, S.D. New York.

Dec. 14, 1984.

Bernard Kenny, New York City, for plaintiff.

Warshaw Burstein Cohen Schlesinger & Kuh, New York City (Richard Kuh, New York City, of counsel), for defendants.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Defendants' motion to transfer this action to the Eastern District of Louisiana is granted. 28 U.S.C. §§ 1391(b), 1406(a) ["Sections 1391(b), 1406(a)"].

## FACTS

Plaintiff, Sunray Enterprises, Inc. ["Sunray"] is a New York corporation that imports athletic footwear manufactured to its specifications in South Korea. On January 1, 1980, plaintiff entered into a contract with defendants David C. Bouza and his company, David C. Bouza Associates, Inc. ["Associates"], pursuant to which Bouza agreed to act as Sunray's exclusive representative and promote the sale of its products in the United States. Bouza is a resident of Louisiana. Associates is incorporated and had its principal place of business in Louisiana. Bouza operated out of Louisiana but solicited orders from national chains and retail stores located primarily in the southern United States. Under the contract, Sunray was obligated to obtain letters of credit on Bouza's orders. Sunray's failure to obtain these letters of credit gave Bouza the right to obtain them himself and to terminate the contract.

On November 7, 1983, defendants notified plaintiff that due to Sunray's failure to obtain certain letters of credit, defendants considered the contract to have been terminated. Bouza then opened his own letters of credit and, as President of Sunbelt Footwear, Inc. ["Sunbelt"] (also incorporated in and operating out of Louisiana), Bouza continued to import footwear from Korea.

On November 17, 1983, Sunray commenced this action against Bouza and Associates by means of an order to show cause seeking a temporary restraining order and preliminary injunction. Plaintiff alleged acts constituting a breach of contract and breach of fiduciary duty. Plaintiff claimed that Bouza had established a competing business—Sunbelt—while under contract to Sunray and in doing so had improperly solicited plaintiff's employees, customers and business opportunities for his own company, by means of Sunray's confidential customer lists and other trade secrets. Most of the acts alleged in the complaint appear to have taken place in South Korea or Louisiana. Jurisdiction is based upon diversity of citizenship. 28 U.S.C. § 1332.

After a hearing before Judge Leonard B. Sand, on November 25, 1983 and November 28, 1983, a partial preliminary injunction was granted. *See* Order, 83 Civ. 8408 (JMC) (S.D.N.Y. Dec. 2, 1984). Plaintiff then amended its complaint on January 10, 1984, to add a new defendant, Sunbelt, and several new causes of action, including a claim for trademark infringement under 15 U.S.C. § 1125 and a claim for damages under the Racketeer Influenced and Corrupt Organizations Act ["RICO"], 18 U.S.C. § 1962(c), 1964(c). Plaintiff also added claims for tortious interference with contract and for violation of state laws governing unfair competition and dilution

of trademark. Jurisdiction over these last two state law violations is based upon diversity and pendent jurisdiction.

## DISCUSSION

Defendants move to dismiss or transfer this action to the Eastern District of Louisiana pursuant to Sections 1391(b), (c), and 1406(a).[1] Defendants argue that venue was properly placed in this district under the original complaint because jurisdiction was then based solely upon diversity and thus venue was governed by 28 U.S.C. § 1391(a) ["Section 1391(a)"], which permits a case to be brought in the district in which the plaintiff resides. Because federal claims have been added to the amended complaint, however, venue is now governed by Section 1391(b), which requires that a case not based solely upon diversity jurisdiction be brought in the district where all defendants reside or in which the claim arose. 28 U.S.C. § 1391(b). Defendants claim that none of the defendants reside in New York and that none of the claims arose in New York.

 There is no allegation that Bouza, the individual defendant, resides in New York. Thus, "all" defendants, as requested under Section 1391(b), obviously do not reside in New York and venue can only be properly laid in New York if the "claim" arose here.[2] The Court must look to federal law to determine where the claims arose. See Cochrane v. Iowa Beef Processors, Inc., 596 F.2d 254, 260–62 (8th Cir.1979), cert. denied, 442 U.S. 921, 99 S.Ct. 2848, 61 L.Ed.2d 290 (1979); Honda Assocs. v. Nozawa Trading, Inc., 374 F.Supp. 886, 890–92 (S.D.N.Y.1974). Moreover, the venue statutes are designed primarily to protect defendants from litigating in forums that are inconvenient with regard to the availability of witnesses and other evidence. See LeRoy v. Great Western United Corp., 443 U.S. 173, 185–87, 99 S.Ct. 2710, 2717–18, 61 L.Ed.2d 464 (1979); Honda Assocs., 374 F.Supp. at 889. Thus, to determine where a claim arose courts look to the weight of the contacts between the acts of the defendants and the forum state, with an eye to determining "the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but not of the plaintiff)." LeRoy, 443 U.S. at 185, 99 S.Ct. at 2717. (emphasis in original).

The only acts of defendants alleged to have taken place in New York that have any relation to plaintiff's trademark claim are two visits by Bouza as President of Sunbelt to trade shows in New York City. It is suggested that orders for goods bearing the offending mark might have been displayed or sold at this fair.

District court decisions in this circuit have repeatedly required some significant contacts between the infringing activity and the forum state beyond mere impact or occasional solicitation. See Georgia Boot Division of U.S. Indus. v. Georgia Footware Corp., 579 F.Supp. 1037, 1038 (S.D.N.Y.1983); Seabrook Foods, Inc. v. Seabrook Bros. & Sons, Inc., 495 F.Supp. 792, 793–94 (S.D.N.Y.1980); Transamerica Corp. v. Transfer Planning, Inc., 419 F.Supp. 1261, 1263 (S.D.N.Y.1976); Honda Assocs., 374 F.Supp. at 891. These opinions have emphasized that the purpose of the "where claim arose" language in Section 1391(b) was to close the "gap" created by actions in which defendants did not all reside in one state, but was "clearly not to permit suit in every district in which defendant

---

1. Plaintiff attempts to show that defendants are somehow guilty of laches or have waived their right to raise a venue objection by not doing so earlier in the action. However, because venue was properly in this district under the original complaint, defendants could not possibly raise the claim any sooner than in this initial and appropriate response to the amended complaint. Therefore, plaintiff's waiver theory is meritless.

2. Defendants seem to be correct in arguing that the corporate defendants are also not "residents" of this district. See 28 U.S.C. § 1391(c) (for corporation, residence equals "doing business"). There seem no facts to suggest that either corporation was doing business in New York at the time the complaint was served. Because the individual defendant is clearly not a resident of this state, the Court need not address this issue.

sells its products." *Seabrook Foods*, 495 F.Supp. at 794.

■ The minor contacts alleged by plaintiff with respect to this claim are insufficient to create proper venue, particularly considering that Louisiana is the place of residence of both Sunbelt and Bouza, as well as the apparent situs of most of the infringing acts. The state claims concerning unfair competition and trademark dilution arise out of essentially identical facts and thus are equally inappropriate in this forum. *See e.g., Seabrook Foods*, 495 F.Supp. at 793–94 (state claims considered in conjunction with federal claim).

■ Venue under RICO may be established under the special RICO venue provision, *see* 18 U.S.C. § 1965(a) ["Section 1965(a)" ], or the general federal venue provisions. *See Farmer's Bank of State of Del. v. Bell Mortgage Corp.*, 452 F.Supp. 1278, 1280–82 (D.Del.1978) (where no venue lies under Section 1965(a), look to general test). Under Section 1965(a), venue is proper in any district in which a defendant is found, has an agent or transacts its affairs. There is no allegation that any of the defendants is "found", has an agent or transacts any business in New York, other than the attendance at an occasional trade fair, which is clearly insufficient. *See, e.g., Van Schaick v. Church of Scientology of Cal., Inc.*, 535 F.Supp. 1125, 1133 (D.Mass.1982) (Section 1965(a) required that corporate defendant be present by officers and agents carrying on business of corporation). Moreover, plaintiff has given no indication that any acts relevant to the RICO claim took place in New York. Thus Section 1391(b) also does not provide a basis for venue in this district on the RICO claim.[3]

■ The Court need not analyze whether the tort and breach of contract claims arose in New York. If plaintiff wished to split them from the federal claims (thereby risking collateral estoppel and res judicata problems), it could, theoretically, bring

them in this district based solely on diversity jurisdiction and thus have a proper venue under Section 1391(a). Because they arise out of essentially the same set of operative facts and thus involve a similar set of witnesses, however, the Court directs that they be transferred to the Eastern District of Louisiana, a proper venue for all the claims by virtue of the fact that all the defendants reside in that district. *See* 28 U.S.C. § 1391(a), (b). *Cf. Cochrane v. Iowa Beef Processors, Inc.*, 596 F.2d at 260–62 (claims based upon essentially same facts considered together).

## CONCLUSION

In accordance with the foregoing, defendants' motion to transfer this action to the Eastern District of Louisiana is granted. 28 U.S.C. §§ 1391(b), 1406(a). Defendants are directed to submit an order directing the clerk to transfer the action to the Eastern District of Louisiana within five days of the date of this Memorandum and Order.

SO ORDERED.

---

**3.** The Court notes that even had this been the proper venue, plaintiff's RICO claim would have to be dismissed because plaintiff has alleged no

predicate acts that have resulted in a criminal conviction. *See Sedima, S.P.R.L. v. Imrex Co.*, 741 F.2d 482 (2d Cir.1984).