**BALDWIN HARDWARE CORPORATION,**
Plaintiff,

v.

**HARDEN INDUSTRIES, INC.,**
Defendant.

**No. 86 Civ. 9870 (LFM).**

United States District Court,
S.D. New York.

June 30, 1987.

---

Brumbaugh, Graves, Donohue & Raymond by John D. Murnane and Doreen J. Leavens, New York City, for plaintiff.

Amster, Rothstein & Evenstein by Anthony F. Locicero, New York City, for defendant.

## OPINION

MacMAHON, District Judge.

Plaintiff Baldwin Hardware Corporation ("Baldwin") objects to the Report and Recommendation of Magistrate Michael H. Dolinger, dated March 23, 1987 ("report"), pursuant to Rule 72(b), Fed.R.Civ.P.

## BACKGROUND

Plaintiff Baldwin, a manufacturer of a variety of hardware products, which include doorknobs, locks and cabinet handles, commenced this action under 15 U.S.C. § 1125(a), alleging, among other things, that defendant Harden Industries, Inc. ("Harden") has engaged in false advertising and unfair competition by distributing a catalog containing photographs of hardware items purporting to be those of Harden but which in fact were designed and manufactured by Baldwin. Simultaneously with the filing of its complaint, Baldwin moved, by order to show cause, for a preliminary injunction recalling Harden's catalog and cancelling all orders for items represented in the catalog by photographs of Baldwin's products. Harden cross-moved to dismiss the complaint for improper venue, or, in the alternative, to transfer this action to the Central District of California.

Due to the inability of both parties to conduct, in a cooperative manner, the expedited discovery which the court had ordered, this matter was referred to Magistrate Dolinger to supervise discovery and to file a report and recommendation with

respect to pending motions. Based upon a two-day evidentiary hearing and detailed post-hearing briefs, the magistrate recommends that defendant's alternative cross-motion to transfer this case to the Central District of California be granted, and that, should we choose to address it, plaintiff's motion for a preliminary injunction be denied.

## DISCUSSION

■ The within objections to the magistrate's report are governed by Rule 72(b), Fed.R.Civ.P., which provides, in pertinent part:

A magistrate assigned ... to hear a pretrial matter dispositive of a claim or defense ... shall promptly conduct such proceedings as are required. * * * The magistrate shall enter into the record a recommendation for disposition of the matter....

The district judge to whom the case is assigned shall make a *de novo* determination ... of any portion of the magistrate's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions. [Emphasis added.]

The term *"de novo,"* emphasis above, signifies that the magistrate's findings are not protected by a "clearly erroneous" standard of judicial review.[1] Rather, we "will consider the record which has been developed before the magistrate and make [our] own determination on the basis of that record."[2]

### 1. *Motion to Transfer for Lack of Venue*

Title 28, United States Code, Section 1391(b), provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

For purposes of venue, the residence of a corporation is "any judicial district in which it is incorporated or licensed to do business or is doing business." 28 U.S.C. § 1391(c).

Harden is neither incorporated nor licensed to do business in the Southern District of New York. Therefore, venue here is proper only if the "claim arose" in New York, or if Harden is "doing business" here. The above criteria are subject to the limiting purpose of the venue statute, which "is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial."[3]

### A. *Where the "Claim Arose"*

Baldwin claims that Harden has engaged in false advertising and unfair competition by using photographs of Baldwin's products in a trade catalog published in California and mailed all over the country. It is, therefore, not immediately clear where the claim in this action arose.

In *Leroy v. Great Western United Corp.,* 443 U.S. 173, 185, 99 S.Ct. 2710, 2717, 61 L.Ed.2d 464 (1979), the Supreme Court said:

[I]n the unusual case in which it is not clear that the claim arose in only one specific district, a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus of the claim.

With this standard in mind, we turn now to the relevant facts of this action.

The photographs and catalog at issue here were prepared in California, and the catalog was mailed from California to states primarily in the west and southwest,

---

**1.** *United States v. Raddatz,* 447 U.S. 667, 673–74, 100 S.Ct. 2406, 2411–12, 65 L.Ed.2d 424 (1980).

**2.** *Id.* 447 U.S. at 675, 100 S.Ct. at 2412 (quoting H.R.Rep. No. 94–1609, p. 3 (1976).

**3.** *Leroy v. Great Western United Corp.,* 443 U.S. 173, 183–84, 99 S.Ct. 2710, 2716–17, 61 L.Ed.2d 464 (1979).

where Harden does a vast majority of its business. Harden's employees and other possible witnesses are located in California or in neighboring states. Moreover, plaintiff is not located in New York, and there is no indication that any of its fact witnesses are located here. The only contact between the claim and this district is the receipt of a small number of catalogs by approximately fifteen stores in New York City and Westchester County.

## B. *"Doing Business"*

■ A non-resident corporate defendant is "doing business," for purposes of venue, when its contacts with this district are sufficient to satisfy the jurisdictional requirements of New York CPLR § 301,[4] which are the same as those for venue under 28 U.S.C. § 1391(c).[5]

Under § 301, a nondomiciliary is subject to personal jurisdiction in New York if it is "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of [its] 'presence' in this jurisdiction."[6] Factors to be considered when analyzing whether a nonresident corporation is systematically engaged in "doing business" under § 301 include "the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state."[7] "Substantial solicitation" under § 301 factors requires that such solicitation be "carried on with a 'considerable measure of continuity and from a permanent locale' within the state."[8]

■ There is no evidence that Harden has any employees or maintains any offices, bank accounts or property in New York. The only evidence of in-state solicitation is the small number of catalogs mailed to potential New York customers and Harden's contract in 1985 with an independent sales representative who had no authority to bind Harden, but simply transmitted customer order forms to Harden for approval. Such activity is not sufficiently substantial to warrant a finding under § 301 that Harden is "doing business" here. Moreover, sending catalogs into the state is of minimal significance,[9] and the presence of an independent sales representative with limited responsibilities does not demonstrate continuing presence or substantial solicitation,[10] particularly in light of the fact that Harden maintained no "permanent locale" in New York.[11]

■ Harden's in-state business activity does not constitute "doing business" under § 301, and venue under 28 U.S.C. § 1391(c) is therefore not properly in the Southern District of New York. We may dismiss or, in the interest of justice, transfer an action brought in the wrong district. 28 U.S.C. § 1406(a). Here, transfer is appropriate because it would not prejudice defendant and the claim is not frivolous on its face.[12] The appropriate transferee forum is the Central District of California, where both

---

4. *Oral-B Laboratories, Inc. v. Mi-Lor Corp.,* 611 F.Supp. 460, 462 (S.D.N.Y.1985). *See also Sterling Television Presentations v. Shintron Co.,* 454 F.Supp. 183 (S.D.N.Y.1978).

5. *Honda Associates, Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. 886, 890 (S.D.N.Y.1974).

6. *Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 762 (2d Cir.1983) (quoting *Simonson v. International Bank,* 14 N.Y.2d 281, 285, 251 N.Y. S.2d 433, 436, 200 N.E.2d 427, 429 (1964)).

7. *Hoffritz for Cutlery, Inc. v. Amjac, Ltd.,* 763 F.2d 55, 58 (2d Cir.1984). *See also Frummer v. Hilton Hotels Int'l, Inc.,* 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 43, 227 N.E.2d 851, 853, *cert. denied,* 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967).

8. *Beacon Enterprises, Inc. v. Menzies, supra,* 715 F.2d at 763 (quoting *Stark Carpet Corp. v. M-Geough Robinson, Inc.,* 481 F.Supp. 499, 505 (S.D.N.Y.1980) (quoting *Bryant v. Finnish Nat'l Airlines,* 15 N.Y.2d 426, 429, 260 N.Y.S.2d 625, 627–28, 208 N.E.2d 439, 441 (1965)).

9. *See, e.g., Beacon Enterprises, Inc. v. Menzies, supra,* 715 F.2d at 763.

10. *See, e.g., Aquascutum of London, Inc. v. S.S. American Champion,* 426 F.2d 205, 212 (2d Cir. 1970).

11. *Beacon Enterprises, Inc. v. Menzies, supra,* 715 F.2d at 763.

12. *See, e.g., Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 80–81 (2d Cir.1978).

parties, eyewitnesses to the allegedly infringing photographs, and the largest group of recipients of the catalog are all located.

2. *Motion for a Preliminary Injunction*

■ In light of our disposition of the venue issue, we decline to reach the merits of Baldwin's motion for a preliminary injunction. "[I]t is preferable for the transferee court, before whom the action will be ultimately determined, to [decide the motion]." [13]

## CONCLUSION

Accordingly:

(1) We accept the magistrate's recommendations and adopt his report.

(2) We grant defendant's alternative cross-motion and direct the Clerk of the court to transfer this action to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1406(a).

(3) We respectfully refer plaintiff's motion for a preliminary injunction to the transferee court for decision.

So ordered.

---

**13.** *Transamerica Corp. v. Transfer Planning,* *Inc.,* 419 F.Supp. 1261, 1264 (S.D.N.Y.1976).