**POPULATION PLANNING ASSOCIATES, INC.,**
Plaintiff,

v.

**LIFE ESSENTIALS, INC. and Gary Ballen, Defendants.**

No. 88 Civ. 7013(LFM).

United States District Court,
S.D. New York.

Jan. 17, 1989.

Steven Delibert, New York City, for plaintiff.

Hopgood, Calimafde, Kalil, Blaustein & Judlowe, New York City, for defendants.

MEMORANDUM and ORDER

MacMAHON, District Judge.

Defendants Life Essentials, Inc. ("Life Essentials") and Gary Ballen ("Ballen")

move to dismiss this action for improper venue, pursuant to Fed.R.Civ.P. 12(b)(3), or, alternatively, to transfer this action to the Central District of California, pursuant to 28 U.S.C. § 1404(a), and for sanctions under various federal statutes.

## BACKGROUND

Life Essentials is a California corporation that manufactures and markets "health and cosmetic related [sic] products throughout the United States." Ballen is the president of Life Essentials and a California resident. Population Planning Associates, Inc. ("PPA") is incorporated in North Carolina, with its headquarters in Washington, D.C. PPA publishes and distributes nationally an "informational health newsletter" titled "Sex Over 40."

PPA alleges that Life Essentials misappropriated PPA's mailing list for the distribution of "Sex Over 40" in order to conduct mail order solicitation of a Life Essentials product called "Revive Plus," a purported sexual "potency restorer." The complaint alleges unfair competition under § 43 of the Lanham Act, 15 U.S.C. § 1125(a), violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and other claims, including misappropriation, damage to business reputation, and false advertising, under unspecified state law.

## DISCUSSION

### 1. *Venue.*

#### A. Lanham Act claim.

■ Paragraph seven of PPA's complaint asserts that venue is proper in this court under 28 U.S.C. § 1391(b)[1], which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

PPA contends that venue is proper because the "claim arose" in the Southern District of New York since Life Essentials sent solicitations for "Revive Plus" into this district as well as throughout the nation. The purpose of § 1391(b), however, is not to allow a plaintiff to sue in every district where the defendant sells its products.[2] Section 1391(b) was designed to "protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place for trial" and does not grant plaintiff "an unfettered choice among a host of different districts."[3]

■ In *Leroy v. Great Western United Corp.,* the Supreme Court addressed the difficulty in determining where a claim arises when the claim involves activity in many districts:

> [T]he broadest interpretation of Section 1391(b) that is even arguably acceptable is that in the unusual case in which it is not clear that the claim arose in only one specific district, a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus

1. Section 1391(c) is not applicable because there is no allegation that Life Essentials did anything other than mail solicitations into this district, which is patently insufficient to find that Life Essentials is "doing business" here for the purpose of venue. *See Premier Herbs, Inc. v. Nature's Way Products, Inc.,* 689 F.Supp. 180, 183 (S.D.N.Y.1988); *Baldwin Hardware Corp. v. Harden Industries, Inc.,* 663 F.Supp. 82, 85 (S.D.N.Y.1987). Of course, § 1391(c) does not address venue for non-corporate defendants such as Ballen.

2. *Sunray Enterprises v. David C. Bouza & Assoc.,* 606 F.Supp. 116, 118–19 (S.D.N.Y.1984).

3. *Leroy v. Great Western United Corp.,* 443 U.S. 173, 184, 185, 99 S.Ct. 2710, 2716, 2717, 61 L.Ed.2d 464 (1979); *see Business Trends Analysts v. Freedonia Group, Inc.,* 650 F.Supp. 1452, 1457 (S.D.N.Y.1987).

of the claim.[4]

Examination of these three factors, particularly convenience to defendants, reveals that this district is not equally plausible as the Central District of California as the locus of PPA's claims. Life Essentials has identified three prospective non-employee witnesses who are residents of California: Dr. Leonard Rapoport, who would testify about the medical basis for the allegedly false and deceptive mailing; Dr. Marvin Hausman, who would testify similarly; and Mr. Victor Petkoff, the author of the mailing, who would testify about the involvement of Life Essentials' employees in developing the content of the mailing. In addition, all of defendants' records are in California.

It is the convenience of defendants, however, that weighs most heavily in favor of another venue. Life Essentials' sole place of business is in the Central District of California; it has no New York office, sales representatives, distributors, agents, or phone listing. Neither Life Essentials nor Ballen own or lease any property in New York. No advertising was targeted specifically at New York. Any relevant business decisions by Life Essentials or Ballen were made in the Central District of California.[5] Although Ballen makes "at most three" trips to New York annually, they are irrele-

vant to venue here because none were related to the sale of Life Essentials products or involved consumer mailings.[6]

Life Essentials' only contact with New York is through the mails, either sending solicitations or filling orders. Under these circumstances, it would be unduly burdensome to require Life Essentials to defend this action in New York.[7] In addition, PPA is not located in New York, and therefore its choice of forum is entitled to less weight than we would normally give it.[8] Although a plaintiff is not limited to suing a defendant where the defendant is located, a corporate defendant is not required to litigate in districts where it has not "engage[d] in a significant amount of tortious activity."[9]

### B. RICO claim.

The RICO venue statute, 18 U.S.C. § 1965, supplements the general venue provisions of 28 U.S.C. § 1391.[10] A civil RICO claim may be brought in "any district in which [the defendant] resides, is found, has an agent, or transacts his affairs."[11] Ballen's trips to New York and the mailings alone are clearly insufficient to provide a basis for venue under this statute.[12] Nor does 28 U.S.C. § 1391(b) provide for venue in this district for the RICO claim, as none of the predicate acts alleged by PPA have

---

**4.** 443 U.S. 173, 183–84, 99 S.Ct. 2710, 2716, 61 L.Ed.2d 464 (1979) (emphasis retained) (footnote omitted).

**5.** *Artemide SpA v. Grandlite Design and Mfg. Co.,* 672 F.Supp. 698, 706 (S.D.N.Y.1987).

**6.** *Artemide SpA, supra,* 672 F.Supp. at 706.

**7.** *Baldwin Hardware Corp., supra,* 663 F.Supp. at 84–85; *Georgia Boot Div. of U.S. Industries, Inc. v. Georgia Footwear Corp.,* 579 F.Supp. 1037, 1038 (S.D.N.Y.1984).
  Although sales percentages are not dispositive, *see Premier Herbs, Inc., supra,* 689 F.Supp. at 184; *Off–The–Wall Products v. Hyman Products, Inc.,* 684 F.Supp. 36, 40 (S.D.N.Y.1988), defendants sold far more of their product in the Central District of California (roughly 12%) than here (3%) in 1988.

**8.** *Premier Herbs, Inc., supra,* 689 F.Supp. at 186; *Baldwin Hardware Corp., supra,* 663 F.Supp. at 85; *see also Georgia Boot Div. of U.S. Indus., supra,* 579 F.Supp. at 1038–39.

PPA's assertion that witnesses who "probably" can testify about the defendants' activities are "likely to be located in or near" this district is speculative at best.

**9.** *Business Trends Analysts, supra,* 650 F.Supp. at 1457.

**10.** *Rolls–Royce Motors, Inc. v. Charles Schmitt & Co.,* 657 F.Supp. 1040, 1058 (S.D.N.Y.1987).

**11.** 18 U.S.C. § 1965(a).

**12.** *Dody v. Brown,* 659 F.Supp. 541, 545 (W.D. Mo.1987) ("transacting affairs" defined as *"regularly* conduct[ing] business of a *substantial* and *continuous character"*) (emphasis retained); *Rolls–Royce Motors, supra,* 657 F.Supp. at 1058 (same); *Sunray, supra,* 606 F.Supp. at 119 (Section 1965(a) requires a corporate defendant to be present in the district through officers or agents conducting its business); *Follett College Stores Corp. v. Fernandez,* 587 F.Supp. 1051, 1053 (N.D.Ill.1984) (use of mails and telephone into district insufficient).

any particular connection with New York.[13]

## 2. *Transfer.*

█ Having found venue here improper, we may, at our discretion, either dismiss this action or, in the interest of justice, transfer it to "any district . . . in which it could have been brought," under 28 U.S.C. § 1406(a). Transfer is proper because defendants will not be prejudiced, and the complaint is not frivolous on its face.[14] The Central District of California is the proper venue by virtue of defendants' residence, as well as the accessibility of evidence and witnesses.[15] The state law claims are transferred along with the Lanham Act and RICO claims because the state law claims arise out of the same set of operative facts.[16]

Defendants' motion for sanctions, on the ground that no competent attorney could have reasonably believed that the complaint was valid, is unsupported and also belied by the length and complexity of defendants' submissions, and must therefore be denied.

### CONCLUSION

Accordingly;

(1) Defendants' motion to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) is denied;

(2) Defendants' motion to transfer to the Central District of California, pursuant to 28 U.S.C. § 1404(a), is denied;

(3) Defendants' motion for sanctions, under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927, is denied;

(4) This action is transferred, *sua sponte,* to the Central District of California pursuant to 28 U.S.C. § 1406(a).

So Ordered.

---

**13.** *See Sunray, supra,* 606 F.Supp. at 119.

**14.** *Baldwin Hardware Corp., supra,* 663 F.Supp. at 85.

**15.** 28 U.S.C. § 1391(b).

**16.** *See Sunray, supra,* 606 F.Supp. at 119.