**Rhonda C. MOORE and Eula Jones, Plaintiffs,**

v.

**Francis CONWAY and State Farm Mutual Insurance Company, Defendants.**

No. 78–C–684.

United States District Court, E. D. Wisconsin.

Dec. 26, 1979.

Edward F. Neubecker, Neubecker, Schrinsky & Bruskin, Milwaukee, Wis., for plaintiffs.

Noland J. Lewis, Kasdorf, Dall, Lewis & Swietlik, Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is a diversity action involving two Wisconsin plaintiffs and an Illinois defendant. On February 21, 1979, defendant State Farm Insurance Company's (State Farm) motion to dismiss plaintiff Eula Jones' claims against it for lack of subject matter jurisdiction was granted. The Court found that Ms. Jones' claim of $5,000.00 did not fulfill the $10,000.00 jurisdictional amount requirement of 28 U.S.C. § 1332(a). State Farm was later dismissed on motion for summary judgment because it was not a proper party defendant under Wisconsin law. The Court found that as an insurer, State Farm was not a proper party defendant because the policy was not issued in Wisconsin and the accident had not occurred in this state. Finally, under Rule 41(b) of the Federal Rules of Civil Procedure, plaintiffs' claims against the only remaining defendant, Francis Conway, were dismissed for lack of prosecution. The Court held that the case should be dismissed because it had been pending for over six months without service of process on Mr. Conway.

This action was reactivated on August 20, 1979, when the Court granted plaintiffs' request for relief from the judgment of dismissal pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. By affidavit of counsel, plaintiffs explained that their failure to serve Mr. Conway was due to their inability to locate him.

Mr. Conway, an Illinois resident, has now been served and has moved for dismissal of the complaint for lack of *in personam* jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. In the alternative, Mr. Conway has moved to dismiss the complaint of Eula Jones for lack of subject matter jurisdiction. In response, plaintiffs have moved for a change of venue under 28 U.S.C. § 1406(a) in order to cure the *in personam* jurisdictional defect.

Before reaching the question of jurisdiction over the person of Mr. Conway, the Court will resolve the subject matter jurisdiction issue concerning plaintiff Eula Jones' claims. In the complaint, plaintiff Moore demands $25,000.00 and plaintiff Jones demands $5,000.00. Under 28 U.S.C. § 1332(a), the jurisdictional amount for this diversity action is $10,000.00. Unless there is a "common undivided interest" among plaintiffs, they may not aggregate their claims to reach the jurisdictional threshold. *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1974); 14 Wright & Miller, Federal Practice & Procedure, § 3704 at 411 (1976). Although the claims of plaintiffs arise out of the same automobile collision, and even though plaintiff Moore's claims satisfy the jurisdictional amount, nevertheless, under the statute, plaintiff Jones' claims must also satisfy the jurisdictional amount. First, each plaintiff's claim stands alone. Thus, even if one plaintiff states a claim meeting the $10,-000.00 minimum, the others must be dismissed if their claims do not meet the jurisdictional amount, *Zahn v. International Paper Co.*, 414 U.S. at 295, 94 S.Ct. 505, unless, of course, if the claims of all plaintiffs are based on a "common undivided interest." Second, the claims here, although arising out of the same incident, are separate and

distinct since plaintiffs have not "unite[d] to enforce a single title or right . . . ." *Troy Bank v. G. A. Whitehead & Co.*, 222 U.S. 39, 40–41, 32 S.Ct. 9, 56 L.Ed. 81 (1911). *See Zahn v. International Paper Co., supra.* Therefore, plaintiff Eula Jones' claim against Mr. Conway is dismissed as was her claim against State Farm.

The Court reached the issue of Eula Jones' claim because, for the following reasons, this action should be transferred rather than dismissed. By plaintiff's own admission, this Court does not have jurisdiction over the person of Mr. Conway. That, however, is not a reason for dismissal.

■ Under 28 U.S.C. § 1404(a), "in the interest in justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiff moves for a transfer under 28 U.S.C. § 1406(a), which permits a district court which does not have venue to cure the defect by transferring the case to a district that does. Section 1406(a) is inapplicable in the present situation since venue in this diversity action exists in this district where all of the plaintiffs (now plaintiff) reside. 28 U.S.C. § 1391(a). Several courts have utilized 28 U.S.C. § 1406(a) to permit transfer from a district where venue was proper, but *in personam* jurisdiction was lacking, *see, e. g., Taylor v. Love*, 415 F.2d 1118 (6th Cir. 1969), *cert. denied*, 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970); *Mayo Clinic v. Kaiser*, 383 F.2d 653 (8th Cir. 1967); *Dubin v. United States*, 380 F.2d 813 (5th Cir. 1967). Apparently, however, where venue does exist, the better procedure is to use 28 U.S.C. § 1404(a). *See* 15 Wright & Miller, Federal Practice & Procedure, §§ 3827 and 3844 (1976).

■ Even though a court lacks jurisdiction over the person of defendant, if venue is proper, the action can be transferred to a district where venue exists and personal jurisdiction can be obtained. *See United States v. Berkowitz*, 328 F.2d 358 (3d Cir. 1964); 15 Wright & Miller, Federal Practice & Procedure, § 3844 at 211. In the present case, the purposes set forth in section 1404(a) are fulfilled by a transfer rather than a dismissal, since the latter disposition may well foreclose plaintiff from obtaining relief. This accident occurred on January 24, 1977 and if plaintiff were forced to recommence her action in Illinois, the two-year statute of limitations may bar the action. Ill.Ann.Stat. Ch. 83 § 15 (1966 Smith-Hurd). Therefore, this action will be ordered transferred to the Northern District of Illinois.

It is hereby ordered that defendant Francis Conway's motion to dismiss the complaint of Eula Jones must be and hereby is granted.

It is further ordered that defendant's motion to dismiss this case must be and hereby is denied.

It is further ordered that this case be transferred to the United States District Court for the Northern District of Illinois.

SO ORDERED this 26th day of December, 1979, at Milwaukee, Wisconsin.