**Edward C. CARPENTER and Arthur C. Unger, Plaintiffs,**

v.

**ETICAM, a Nevada corporation, and Eticam America, Inc., a Delaware corporation, Defendants.**

**No. 87 C 2413.**

United States District Court, N.D. Illinois, E.D.

July 20, 1987.

James L. Donnelly, Lawrence M. Gavin, Boodell, Sears, Giambalvo & Crowley, Chicago, Ill., for plaintiffs.

Ellis B. Rosenzweig, Sacknoff, Weaver & Rubenstein, Ltd., Chicago, Ill., Kenneth R. Feinberg, Bruce A. Eisen, Kaye, Scholer, Fierman, Hays & Handler, Washington, D.C., for defendants.

### ORDER

BUA, District Judge.

Before this court is defendants' motion to change venue pursuant to 28 U.S.C.

§ 1404(a). For the reasons stated herein, defendants' motion to transfer is denied.

## FACTS

Plaintiff Edward E. Carpenter is an Illinois resident. Plaintiff Arthur C. Unger is a Florida resident and a former Illinois resident. Eticam is a Nevada corporation with its principal place of business in Rhode Island. Eticam America, Inc. is a Delaware corporation with its principal place of business in Rhode Island. Plaintiffs entered into an agreement on or about July 1, 1983 to use their best efforts to obtain capital to finance Eticam's initial operations. Eticam allegedly agreed to compensate plaintiffs for their efforts by transferring to them stock and a percentage of the company's profits. The complaint alleges that Eticam failed to transfer the stock and profits owed plaintiffs.

## DISCUSSION

Eticam and Eticam America believe proceeding in Illinois is inconvenient and seek to transfer this case to Rhode Island pursuant to 28 U.S.C. § 1404(a).

■ A motion to transfer venue is governed by 28 U.S.C. § 1404(a) which states:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In order to show that transfer of venue is proper, the moving party must establish the following three factors: (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) the transfer is for the "convenience of parties and witnesses, in the interest of justice." *Central States, Southeast and Southwest Areas Pension Fund v. Brown*, 587 F.Supp. 1067, 1069 (N.D.Ill.1984) (Bua, J.) (quoting *Chicago, R.I. & P.R. Co. v. Igoe*, 212 F.2d 378, 379 n. 1 (7th Cir.1954)).

■ Venue is proper in the Northern District of Illinois. An action is properly brought in any judicial district where the cause of action arose. 28 U.S.C. § 1391. In addition, a corporation may be sued in any judicial district where it is incorporated, licensed to do business, or is doing business. 28 U.S.C. § 1391(c). In the instant case, venue is proper in the transferor court because the cause of action arose in the Northern District of Illinois and both defendants conducted business in the Northern District.

Venue is also proper in the transferee court. Both defendants established their principal place of business in Rhode Island and therefore established residence in Rhode Island for venue purposes. Moreover, improper venue can be waived. Defendants certainly waive any objections to venue in Rhode Island.

The third factor to be determined is whether a transfer would be in the interest of justice. The plaintiffs' choice of forum will not be disturbed unless the movants, Eticam and Eticam America, can demonstrate that the balance of convenience and justice weighs heavily in favor of transferring to Rhode Island. *See Richardson Greenshields Securities, Inc. v. Metz.*, 566 F.Supp. 131, 134 (S.D.N.Y.1983). This court does not believe that defendants have carried their burden by presenting compelling reasons which indicate the balance of convenience and justice weighs heavily in favor of transferring to Rhode Island.

After carefully considering a number of factors, this court believes Illinois is a more convenient forum. First, plaintiff Carpenter resides in Illinois and co-plaintiff Unger is a former Illinois resident. Second, both plaintiffs maintain separate offices in Illinois. Third, this court does not believe that the defendants would be unduly inconvenienced by litigating in Illinois. A representative of Eticam ventured to Illinois to negotiate the terms of the contract that comprise the very heart of this litigation. Moreover, defendant Eticam America is already present in Illinois; it is constructing a waste disposal plant in Granite City, Illinois. Fourth, the parties do not enjoy equal financial strength; the court believes that the defendants have a greater ability to proceed with this action in Illinois than the plaintiffs have in Rhode Island.

Finally, the defendants did not show how litigating in Illinois would greatly inconvenience their witnesses. In considering the convenience of potential witnesses, this court must consider not only the number of witnesses in the respective districts, but also the nature and quality of their testimony in relationship to the issues of the case. *Midwest Precision Services v. PTM Industries*, 574 F.Supp. 657, 659 (N.D.Ill.1983). Although some of Eticam and Eticam America's officers involved in the transaction live in Rhode Island, many do not. The defendants do not explain why these officers would be substantially more inconvenienced by traveling to Illinois than they would be by traveling to Rhode Island. The following key witnesses for defendants must travel from their home states to Rhode Island: (1) Eticam and Eticam America's president whose office is in Germany; (2) the chief operating officer who maintains an office in Washington, D.C.; (3) the former chief operating officer whose office is in Virginia; and (4) former Executive Vice President Glanz, who took part in almost all the transactions, resides in Pennsylvania. These witnesses would not find Illinois any less convenient than Rhode Island.

In sum, Eticam and Eticam America have not met their heavy burden of demonstrating why transferring the case would be in the interest of justice. Therefore, this court will not disturb plaintiff's choice of forum. Accordingly, the defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a) is denied.

IT IS SO ORDERED.