**TRADEMASTERS INTERNATIONAL, INC., an Illinois corporation, Plaintiff,**

v.

**Jeffrey BORER, et al., Defendants.**

**No. 87 C 9434.**

United States District Court, N.D. Illinois, E.D.

July 7, 1988.

Jerome F. Crotty and Thomas M. Cannon, Rieck and Crotty, P.C., Chicago, Ill., for plaintiff.

Steven A. Miner, Law Offices of Michael Harry Minton, P.C., Chicago, Ill., for Audrey Schneider and Audi Air, Inc.

### ORDER

BUA, District Judge.

Defendants in this breach-of-contract action have moved to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, defendants' motion to transfer is granted.

### I. FACTS

Plaintiff Trademasters International, Inc. ("Trademasters"), an Illinois corporation,

engages in the business of purchasing, leasing, and reselling aircraft. In 1987, after conducting negotiations via telephone, Trademasters entered into an oral agreement to purchase a plane from defendants. Under the terms of this contract, defendants agreed to perform certain repairs on the aircraft before presenting the plane to Trademasters.

Trademasters alleges that when its representatives traveled to California to pick up the plane, the promised repairs had not been made. Based on defendants' alleged failure to make these repairs, Trademasters has sued defendants for breach of contract. In response, two California-based defendants, Audrey Schneider and Audi Air, Inc., have moved to transfer this case to the United States District Court for the Central District of California.

## II.  DISCUSSION

Federal courts derive their authority to transfer venue from 28 U.S.C. § 1404(a) (1982), which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In order to justify such a transfer in the instant case, defendants must demonstrate that (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) the transfer is for the convenience of parties and witnesses, in the interest of justice. *Carpenter v. Eticam*, 664 F.Supp. 396, 397 (N.D.Ill.1987).

Venue is proper in the Northern District of Illinois, the transferor district, because it is the district in which Trademasters resides. *See* 28 U.S.C. § 1391(a). It is not entirely clear, however, whether venue is proper in the transferee district. Not all of the defendants live in California. Therefore, venue can only properly lie in the Central District of California if the claim arose there. *See id.*

■ To determine where a claim arose, the courts most commonly apply the "weight of the contacts" test: "This test requires an examination of the defendant's contacts with the various fora related to the plaintiff's cause of action. The plaintiff's claim arises (and venue is therefore proper) in the forum in which the defendant's contacts are most significant." *Heller Financial, Inc. v. Shop–A–Lot, Inc.*, 680 F.Supp. 292, 294–95 (N.D.Ill.1988). Trademasters argues that defendants' only contact with California is that the plane was located there. In fact, defendants maintained more significant contacts with California than Trademasters would have the court believe. If (as defendants claim) the promised repairs were made, then such repairs could only have occurred in California. The mechanic who allegedly performed the repairs resides in California, as do most of the named defendants. By contrast, defendants' only contacts with Illinois were telephone conversations with the Illinois-based Trademasters regarding the oral agreement. Defendants' telephonic link to Illinois pales in comparison to their more substantial California contacts. Based on the weight of defendants' contacts, venue is proper in California because the claim arose there.

■ Having found venue proper in both the transferor and transferee districts, this court must now determine whether a transfer would be "for the convenience of the parties and witnesses, in the interest of justice." In considering the convenience of the parties, the court must accord weight to the plaintiff's choice of forum. *Ratner v. Hecht*, 621 F.Supp. 378, 382 (N.D.Ill. 1985). Prior to the enactment of § 1404(a), the plaintiff's choice of forum was entitled to considerable weight under the common law doctrine of forum non conveniens. *Id.* at 381. Subsequently, the courts have shown less deference to the plaintiff's choice, especially where the plaintiff's chosen forum lacks any significant contacts with the underlying cause of action. *Id.* at 381–82. Due to the Illinois forum's insubstantial relationship to the case at bar, Trademasters' choice of forum does not conclusively preclude transfer. If anything, considerations of the parties' convenience may actually favor transfer. After all, defendants never traveled to Illinois in connection with the agreement, whereas

representatives of Trademasters traveled to California at least twice: Trademasters sent potential purchasers to California to inspect the plane, and agents of Trademasters took delivery there. Having made the trip before, it seems unlikely that employees of Trademasters would suffer any measurable inconvenience by doing so again. *See Carpenter,* 664 F.Supp. at 397.

Regardless of whether the convenience of the parties justifies a change of venue, the convenience of the witnesses clearly favors transfer. In considering the convenience of nonparty witnesses, the court must take into account not only the number of potential witnesses located in the respective districts, but also the nature and quality of their testimony. *Ratner,* 621 F.Supp. at 382. While Trademasters intends to present the testimony of two Illinois witnesses, defendants plan to call at least two California witnesses. The testimony of these nonparty witnesses will focus on a single critical question: Did defendants perform any of the promised repairs on the plane? The California witnesses are much better qualified to answer this question. The Illinois witnesses merely made a brief inspection of the plane during a visit to California. The California witnesses, on the other hand, are experienced mechanics; one of them regularly serviced the plane in question, and the other allegedly performed the promised repairs. These crucial witnesses might not testify in court if Trademasters' lawsuit is tried in Illinois. The California witnesses have no apparent incentive to appear voluntarily in this court; nor can the court compel them to do so. A transfer of this case to California provides the most effective means of resolving this dilemma. The California forum offers the dual benefit of ensuring the live testimony of material witnesses and avoiding the prejudice to defendants that might otherwise result.

■ Finally, a transfer of venue to California would advance the interest of justice. It is preferable for the court most familiar with the applicable state law to decide a diversity case. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509, 67 S.Ct. 839,

843, 91 L.Ed. 1055 (1947). After applying Illinois choice-of-law principles to the case at bar, pursuant to *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), this court concludes that California law governs Trademasters' claim. The court reaches this conclusion based on a "most significant contacts" analysis, the method commonly used by Illinois courts to resolve conflicts of law arising from contractual disputes. *See Palmer v. Beverly Enterprises,* 823 F.2d 1105, 1108–09 (7th Cir.1987). Under the "most significant contacts" test, the court must examine five factors: (1) the place of contracting; (2) the place of negotiations; (3) the place of performance; (4) the situs of the subject matter of the contract; and (5) the domicile, residence, place of incorporation, and place of business of the parties. Restatement (Second) of Conflict of Laws § 188 (1971). Because the instant case involves geographically diverse parties who negotiated and contracted via telephone, the first, second, and fifth Restatement factors prove inconclusive. The third and fourth factors, however, clearly favor California, the state where the contract was performed and where the plane was located. In light of this analysis, California law should govern the present dispute. The applicability of California law further supports the conclusion that a transfer to the Central District of California is warranted.

## CONCLUSION

For the foregoing reasons, defendants' motion to transfer this case to the Central District of California is granted.

IT IS SO ORDERED.