Kathleen M. PAUL, Pierretta Alfiera and Bruce Gorosh, individually and on behalf of all others similarly situated, Plaintiffs,

v.

LANDS' END, INC., and Richard C. Anderson, Defendants.

No. 90 C 2247.

United States District Court, N.D. Illinois, E.D.

Aug. 23, 1990.

---

Richard Schiffrin, Schiffrin & Craig, Chicago, Ill., Zachary A. Starr, Goodkind, Labaton & Rudoff, New York City, Marvin A. Miller, Patrick E. Cafferty, Chertow & Miller, Chicago, Ill., Stuart H. Savett, Barbara A. Podell, Kohn, Savett, Klein & Graf, P.C., Philadelphia, Pa., Robert P. Frutkin, Berger & Montague, P.C., Philadelphia, Pa., for plaintiffs and the class.

Garrett B. Johnson, Jeffrey L. Willian, Jeffrey A. Hall, Kirkland & Ellis, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Between February 6, 1990, and March 14, 1990, plaintiffs Kathleen M. Paul, Pierretta Alfiera, and Bruce Gorosh purchased approximately 500 shares of Lands' End, Inc. ("Lands' End") common stock. Shortly after plaintiffs invested in Lands' End, the company's earnings declined. Having sustained a loss on their investment, plaintiffs instituted this securities action against Lands' End and its chief executive officer,

Richard C. Anderson. Plaintiffs contend that defendants made numerous fraudulent misrepresentations and omissions of material fact regarding the financial prospects of Lands' End. According to plaintiffs, these misrepresentations were made in furtherance of a scheme to inflate the market price of Lands' End common stock.

In their amended complaint, plaintiffs assert a claim under sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a). The complaint also sets forth pendent state law claims for fraud and negligent misrepresentation.

Pursuant to 28 U.S.C. § 1404(a), defendants now seek to transfer this case to the Western District of Wisconsin. For the reasons stated herein, defendants' motion to transfer is granted.

## DISCUSSION

Before a district court will entertain a motion to transfer, the moving party must demonstrate that: 1) venue is proper in the transferor court; 2) venue is proper in the transferee court; and 3) the transfer is for the convenience of the parties and witnesses, in the interest of justice. *Ratner v. Hecht*, 621 F.Supp. 378, 381 (N.D.Ill. 1985).

The first two prerequisites for a valid transfer are easily satisfied in this case. The Securities Exchange Act contains a special venue provision, which provides that venue is proper in any district "wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa. Venue is proper in the Northern District of Illinois (the transferor forum) and the Western District of Wisconsin (the transferee forum) because defendants transact business in both districts.

Consequently, the motion to transfer hinges on the remaining prerequisite—whether a transfer will promote the convenience of the parties and witnesses and the interest of justice. With respect to the convenience of the parties, Illinois does not appear to be a particularly convenient forum for either party. Defendants assert that it would be more convenient for them

to litigate this case in Wisconsin. Although defendants conduct some business in Illinois, Lands' End maintains its headquarters and principal place of business in Wisconsin. As chief executive officer of Lands' End, defendant Anderson also has closer ties to Wisconsin than Illinois. Similarly, plaintiffs do not have any substantial contacts with the Northern District of Illinois. None of the plaintiffs reside in Illinois or conduct any type of business-related activity within the state. There is simply no evidence which demonstrates that the Northern District of Illinois would provide a more convenient forum for both parties.

In evaluating the convenience of the nonparty witnesses, the court must consider the number of potential witnesses in Illinois and Wisconsin, as well as the nature and quality of their testimony. *Trademasters Int'l, Inc. v. Borer*, 687 F.Supp. 434, 436 (N.D.Ill.1988); *Web Specialties, Inc. v. Boreta*, 681 F.Supp. 564, 566 (N.D.Ill.1988). Plaintiffs' cause of action is based on alleged misrepresentations regarding the company's catalogue sales, discounted sales of inventory, earnings projections, and sales forecasts. *See Amended Complaint*, ¶¶ 10, 11. To substantiate their claims, plaintiffs will have to rely heavily on the testimony of numerous witnesses who are employed by Lands' End. The individuals employed in the corporate finance department of Lands' End would most likely be able to verify the accuracy or inaccuracy of the representations made by defendants. Likewise, the individuals employed in the merchandising department would be able to provide testimony as to whether there was a reasonable basis for defendants' representations concerning customer sales, inventory, and product demand. Each department has over twenty employees, all of whom work and reside in Wisconsin. *See Affidavit of Robert A. Geiger*, ¶ 2; *Affidavit of David L. Schlot-*

terback, ¶¶ 5, 6.[1] In contrast to the substantial number of witnesses located in Wisconsin, plaintiffs are able to identify only a handful of Lands' End employees who work in Chicago.[2] Plaintiffs have not demonstrated that these witnesses are critical, or even material, to their case. Based on the substantial number of witnesses in Wisconsin, the court finds that a transfer would promote the convenience of the witnesses.

Finally, the interest of justice supports a change of venue. As the court has already pointed out, the parties and witnesses have relatively insignificant contacts with the Northern District of Illinois. Moreover, the underlying cause of action does not have a close connection to Illinois. Plaintiffs do not allege that they purchased Lands' End common stock in Illinois or that they otherwise acted upon any misleading information in Illinois. In fact, there is nothing in the complaint which suggests that the misrepresentations were communicated to plaintiffs in Illinois. Although some of the misrepresentations were allegedly contained in press releases and other documents disseminated in Illinois, such documentation emanated from Wisconsin, the corporate headquarters of Lands' End. Plaintiffs' cause of action essentially stems from corporate policy and decisions made at the headquarters of Lands' End.

In opposition to defendants' motion to transfer, plaintiffs argue that their choice of forum is the "paramount consideration." While a plaintiff's choice of forum was given considerable weight under the common law doctrine of forum non conveniens, the significance of this factor has diminished somewhat since the enactment of § 1404(a). *Trademasters Int'l, Inc.*, 687 F.Supp. at 435; *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. 1048, 1050 (N.D.Ill.1982). The plaintiff's choice of forum is given less deference when, as in this

---

**1.** Furthermore, the pertinent corporate books and records—including financial and accounting records, budgets and forecasts, accounting policies, operating results, reports to regulatory agencies, customer orders, and documents concerning inventory levels and product pricing—

are located in Wisconsin. *Affidavit of David L. Schlotterback*, ¶ 4.

**2.** Although Lands' End currently maintains a small investor relations department in Illinois, that office is in the process of being transferred to Wisconsin.

case, there is relatively little connection between the forum and the plaintiff's cause of action. *Trademasters Int'l, Inc.,* 687 F.Supp. at 435; *Hotel Constructors, Inc.,* 543 F.Supp. at 1050.

Plaintiffs claim that they may not receive a fair trial in Wisconsin because Lands' End maintains a large corporate presence in that state. This assumption is unfounded and based on pure speculation. Besides, the trial court can diminish the threat of bias through the exercise of its authority to monitor and control the litigation. This court sees no reason why plaintiffs will not be able to obtain a fair and expeditious resolution of this case in Wisconsin.[3]

Since Wisconsin has a closer relationship to this case than Illinois, a transfer would best serve the interest of justice.

### CONCLUSION

For the foregoing reasons, defendants' motion to transfer is granted.

IT IS SO ORDERED.

---

**3.** Plaintiffs' assertion that they may not be able to obtain adequate representation in Wisconsin does not warrant serious consideration. Plaintiffs have more than a sufficient amount of time to procure suitable local counsel. Given the fact that plaintiffs are currently represented by five different law firms, plaintiffs' concern over achieving adequate legal representation would seem to be largely unsubstantiated.