Thomas A. HEINZ, an individual and citizen of Illinois, Heinz & Co., a Michigan corporation, and C & W Woodcrafters, Inc., a Michigan corporation, Plaintiffs,

v.

The FRANK LLOYD WRIGHT FOUNDATION, an Arizona corporation, Defendant.

The FRANK LLOYD WRIGHT FOUNDATION, Plaintiff,

v.

Thomas A. HEINZ and Heinz & Co., Defendants.

Nos. 90–C–261–C, 90–C–864–C.

United States District Court, W.D. Wisconsin.

Feb. 6, 1991.

Ralph M. Cagle, Stolper, Koritzinsky, Brewster & Neider, S.C., Madison, Wis., for Thomas A. Heinz, Heinz & Co. and C & W Woodcrafters, Inc. in No. 90–C–261–C.

Michael E. Skindrud, Lafollette & Sinykin, Madison, Wis., for Frank Lloyd Wright Foundation in No. 90–C–261–C.

Glenn S. Bacal, Lewis and Roca, Phoenix, Ariz., for Frank Lloyd Wright Foundation in No. 90–C–864–C.

Gomer W. Walters, Chicago, Ill., for Thomas A. Heinz, C & W Woodcrafters, Inc. and Cox & Wolters Woodcrafters in No. 90–C–864–C.

John T. Gilbert, Norling, Oeser, & Williams, Phoenix, Ariz., for Heinz & Co. in No. 90–C–864–C.

## OPINION AND ORDER

CRABB, Chief Judge.

These civil actions are before the court on the motion of The Frank Lloyd Wright Foundation to transfer case no. 90–C–864–C for improper venue and in the interest of justice pursuant to 28 U.S.C. § 1406(a), or, in the alternative, pursuant to 28 U.S.C. § 1404(a). The Foundation also moves to transfer case no. 90–C–261–C for purposes of judicial economy.

In a status conference held by telephone on November 14, 1990, counsel for the parties agreed that these two cases should be consolidated and that the question of venue should be decided before any other actions are taken. However, in its motion requesting that the cases be transferred, the Foundation treats them as separate actions. For the purpose of addressing the question of venue, I have considered the cases separately. Because I conclude that both cases should be transferred to the United States District Court for the Northern District of Illinois, I will consolidate the cases before transferring them to that court.

In an order entered on August 17, 1990, I stayed further proceedings in case no. 90–C–261–C pending the outcome of a motion to dismiss in an action filed previously by the Foundation in the United States District Court of Arizona. The Arizona court found that venue was not proper in Arizona and transferred the case that is now designated as case no. 90–C–864–C to this court.[1] For the sole purpose of deciding

---

1. In its order, the Arizona court stated that "[n]othing in this decision restrains the District Court for the Western District of Wisconsin from reexamining for itself, whether it is a court in which this suit could originally have been brought." The Foundation does not challenge the Arizona court's decision that it had improper venue, but moves for a "reexamination" of the issue whether this court has proper venue in case no. 90–C–864–C.

the Foundation's motion to transfer, I will incorporate the undisputed facts stated in the August 17, 1990 order entered in case no. 90–C–261–C. Based on the pleadings, affidavits and accompanying exhibits in the records of both cases, and for the sole purpose of deciding the motion to transfer, I find the following additional facts to be undisputed.

### FACTS

In its complaint in case no. 90–C–864–C, the Foundation alleges that Thomas A. Heinz and Heinz & Co. infringed various trademark rights of the Foundation and violated the terms of the settlement agreement between the parties through a series of efforts to market reproductions of Frank Lloyd Wright-designed furniture. Those efforts included entering into a distribution agreement with Neidermaier, Inc. to market furniture manufactured by C & W Woodcrafters, assisting in the preparation of promotional materials distributed by Neidermaier and participating in a trade show held in Los Angeles.

Three non-party witnesses central to the Foundation's proof of its claims are Thomas Cinefro, John H. McNamara and Abe Freedman. Cinefro is a resident of California and manager of the Neidermaier showroom in Los Angeles. He will testify about his interaction with Heinz at the Los Angeles trade show and his observations of Heinz's promotion of the Frank Lloyd Wright reproductions. McNamara, the Arizona representative of Neidermaier, will testify about his contacts with Heinz by telephone and his conversation with Heinz at a cocktail party in Chicago, Illinois, where Heinz made certain representations about his relationship with the Foundation. Both Cinefro and McNamara have had no business or personal contact with Heinz in Wisconsin. Freedman observed Heinz & Co.'s promotion of Frank Lloyd Wright-designed reproductions at a trade show in Asheville, North Carolina.[2]

In case no. 90–C–261–C, the plaintiffs allege that the Foundation committed antitrust violations and interfered with business opportunities through the filing of the Arizona lawsuit and correspondence with Neidermaier and Manifesto, another company which promoted furniture manufactured by Heinz & Co. To defend against the Foundation's action and to prove their claims, Heinz and his companies will rely on the testimony of non-party witnesses including Richard J. Gorman and Judith Neidermaier. Gorman resides in Chicago and is the president of Manifesto. Neidermaier is a resident of Chicago and the president of Neidermaier. She received several letters from counsel for the Foundation regarding Neidermaier's promotion of Heinz furniture.

### OPINION

1. *Motion to Transfer Case No. 90–C–864–C*

■ The Foundation contends that for case no. 90–C–864–C venue is improper here. The relevant statute, 28 U.S.C. § 1391, provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Because jurisdiction in case no. 90–C–864–C is based in part on the Lanham Act and because Heinz and Heinz & Co. do not reside in the same judicial district, venue in this case is proper only in the judicial district "in which the claim arose." *John Walker & Sons v. DeMert & Dougherty, Inc.,* 821 F.2d 399, 405 (7th Cir.1987).

The task of determining where a claim arises under § 1391(b) is extremely difficult because of the variety of standards applied by different courts. *Dody v. Brown,* 659 F.Supp. 541, 546–550 (W.D.Mo. 1987) (discussing the "confusing and inconsistent" standards followed); *see also ServiceMaster Co. v. Ramsay,* 690 F.Supp. 704, 705 (N.D.Ill.1988) (noting the "various formulae" used by courts in determining

---

**2.** Although Freedman does not aver explicitly that he is a resident of North Carolina, an exhibit attached to his affidavit lists his address as Asheville, North Carolina.

where a claim arose). The Supreme Court addressed the meaning of § 1391(b) in *Leroy v. Great Western United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). The Court found that Congress did not intend to give the plaintiff unfettered choice among a host of different districts. *Id.* at 184, 99 S.Ct. at 2716–17. Instead, the Court held that the broadest possible interpretation of § 1391 "in the unusual case in which it is not clear that the claim arose in only one specific district [is that] a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* the plaintiff)—may be assigned as the locus of the claim." *Id.* at 185, 99 S.Ct. at 2717 (emphasis in original).

Unfortunately, the *Leroy* opinion "raises as many questions as it answers." *Curtis Management Group, Inc. v. Academy of Motion Picture Arts and Sciences*, 717 F.Supp. 1362, 1371 (S.D.Ind.1989) (quoting 15 Wright, Miller & Cooper, *Federal Practice*, § 3806 at 51); *see also Broadcasting Co. of the Carolinas v. Flair Broadcasting Corp.*, 892 F.2d 372, 375 (4th Cir.1989) (language in *Leroy* "has spawned as much uncertainty as the wording of the 'claims arose' clauses themselves"); *Dody*, 659 F.Supp. at 546–47 (*Leroy* "further heightened" confusion surrounding interpretation of "claim arose" language in § 1391(b)). The result has been a number of different approaches to determining where proper venue exists.

Under the "weight of the contacts" approach, venue would be proper in the judicial district having the most significant ties to the claim. *Broadcasting Co.*, 892 F.2d at 376; *Curtis Management*, 717 F.Supp. at 1371–72 (quoting 15 Wright, Miller & Cooper, *Federal Practice* § 3806 at 61). A court must determine which district related to the cause of action has the heavier balance of contacts with the litigants and witnesses. *ServiceMaster*, 690 F.Supp. at 705;

*see also Trademasters International, Inc. v. Borer*, 687 F.Supp. 434, 435 (N.D.Ill. 1988) (weight of contacts test requires examination of defendant's contacts with various districts related to plaintiff's cause of action).

In contrast to the "weight of the contacts" balancing test, some courts have applied what may be considered a threshold test. *Broadcasting Co.*, 892 F.2d at 376. Under this so-called "substantial contacts" test, venue is proper in any district in which "a substantial part of the event or omissions giving rise to the claim occurred." *See e.g., Edmonton World Hockey Enterprises v. Abrahams*, 658 F.Supp. 604, 608 (D.Minn.1987); *see also Broadcasting Co.*, 892 F.2d at 376 (citing cases which apply "substantial contacts" test).[3] Still other courts apply a combination of these and other tests to determine proper venue under § 1391(b). *See Dody*, 659 F.Supp. at 548–550 (discussing the inconsistent and varying applications of the standards enunciated in *Leroy*).

Most courts apply some form of the "weight of the contacts" test. *Delong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 855 (11th Cir.1988), *cert. denied*, — U.S. ——, 110 S.Ct. 1813, 108 L.Ed.2d 943 (1990); *ServiceMaster*, 690 F.Supp. at 705; *Trademasters*, 687 F.Supp. at 435. Although the Court of Appeals for the Seventh Circuit has not explicitly adopted this test, it takes a balancing approach to deciding venue questions, at least "in situations where it is not clear that the plaintiff's claim arose in one specific judicial district." *See John Walker & Sons*, 821 F.2d at 406. In such situations, the controlling factors to consider are the accessibility of relevant evidence and the convenience of the defendants. *Id.*

After considering these precedents, I conclude that a three-step approach incorporating the "weight of the contacts" test is the most appropriate analysis for determining questions of proper venue under § 1391(b). *See Dody*, 659 F.Supp. at 550–551 (adopting similar three-step line of in-

---

**3.** The Arizona district court apparently adopted the "substantial contacts" test in deciding that

venue was improper in Arizona, but proper in this court.

quiry). The "weight of the contacts" test is more focused than the "substantial contacts" test and more consistent with the approach taken in *John Walker.* Moreover, a three-step analysis incorporating the weighing of contacts limits a finding of venue in more than one district to the "unusual case." *See Leroy,* 443 U.S. at 185, 99 S.Ct. at 2717. First, I must decide whether any district clearly has the most contacts with the cause of action. If it is not clear that the claim arose in one district, I must determine which among several possible districts has the most contacts in light of the accessibility of witnesses and other relevant evidence and the convenience of the defendants. If more than one of several possible districts has equal contacts with the case, then the plaintiff may choose between them. *Id.*

■ Here, the cause of action rests primarily on the Foundation's claims of trademark infringement and breach of the settlement agreement. The alleged acts of infringement are the same acts that constitute alleged breaches of the settlement agreement. Because the Foundation's trademark claims share a common nucleus of facts with its claim that Heinz and Heinz & Co. breached the settlement agreement, these claims constitute a single cause of action. Thus, I need not consider whether the Foundation's complaint forms two separate causes of action, both of which must "arise" in a single district. *ServiceMaster,* 690 F.Supp. at 705 n. 2.[4]

The Foundation alleges that Heinz and Heinz & Co. infringed the Foundation's trademark rights primarily through their association with Neidermaier, a Chicago-based distributor. Heinz and Neidermaier entered into a distribution agreement in Illinois and developed promotional materials for their reproductions of Frank Lloyd Wright-designed furniture. These materials were distributed in Arizona and at a trade show in Los Angeles. At a gathering in Chicago, Heinz and McNamara discussed their efforts to promote sales of the Heinz reproductions in Arizona and the relationship between Heinz and the Foundation. In addition, the Foundation alleges that Heinz and Heinz & Co. violated its trademark rights by promoting reproductions of other Frank Lloyd Wright items at a trade show in Asheville, North Carolina. Based on these facts, venue is clearly improper in Wisconsin. *See Sunray Enterprises, Inc. v. David C. Bouza & Assoc.,* 606 F.Supp. 116, 118–19 (S.D.N.Y.1984) (minor contacts with district could not create proper venue where majority of infringing acts occurred elsewhere). Excluding Arizona from the analysis, proper venue in this case can exist only in either the Southern District of California, the Northern District of Illinois or the Western District of North Carolina.

Of these three districts, the Northern District of Illinois is the most appropriate "locus of the claim" in terms of witness availability, accessibility of other evidence and convenience of the defendants. Although important non-party witnesses for the Foundation reside in Arizona, Los Angeles, and North Carolina, two of those witnesses are employed by or closely associated with Neidermaier, which is based in Chicago. In addition, most of the non-party witnesses for Heinz are located in Chicago including the president of Neidermaier. The most relevant evidence for both sides involves the promotional materials distributed by Neidermaier, which should be available at its main office in Chicago. Other relevant evidence may include Heinz & Co. documents which are easily accessible in Chicago, if not located there.[5] Finally, the Northern District of Illinois is unquestionably more convenient for Heinz, a resident of Illinois, and Heinz & Co., a Michigan corporation.

---

4. Although the settlement agreement was executed to settle the 1985 action pending in this court, none of Heinz's subsequent efforts to promote his furniture reproductions took place in this district. In a "weight of the contacts" analysis of a breach of contract case, the place of performance and breach are more significant contacts than the place where the contract was formed. *See ServiceMaster,* 690 F.Supp. at 705; *Trademasters,* 687 F.Supp. at 435. Thus, even if I were to consider the contract claim separately, the alleged acts of infringement remain the most relevant contacts in determining venue for the breach-of-contract claim.

5. Although Heinz & Co. is now incorporated in Michigan instead of Illinois, Heinz lives in Evanston, Illinois, and he is a partner in Heinz & Co.

The Foundation contends that since venue is not proper in this judicial district, this court should transfer case no. 90–C–864–C pursuant to 28 U.S.C. § 1406(a), which provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Although venue does not lie in this district, the Foundation did not choose to file case no. 90–C–864–C in this court. Because the Foundation took no plainly improper action, dismissal of its claims for lack of venue would be inappropriate. *Kinney v. Anchorlock Corp.*, 736 F.Supp. 818, 821 (N.D.Ill.1990). The question becomes whether this court can transfer case no. 90–C–864–C to the Northern District of Illinois, as a district in which the case "could have been brought."

■ The phrase "could have been brought" in § 1406(a) requires that the proposed transferee court have proper venue and the ability to assert personal jurisdiction over the defendants. *See Kinney*, 736 F.Supp. at 822; *Moore v. Conway*, 481 F.Supp. 563, 565 (E.D.Wis.1979) (similar language in § 1404(a) allows transfer to court where venue exists and personal jurisdiction can be obtained). Heinz is a resident of Illinois and clearly subject to personal jurisdiction in that state. This leaves only the question whether the Northern District of Illinois court can assert personal jurisdiction over Heinz & Co.

Illinois recently amended its long-arm statute, Ill.Rev.Stat. ch. 110, § 2–209, so that its reach is co-extensive with the requirements of the due process clause. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1310–11 n. 5 (7th Cir.1990). The central constitutional focus of the due process analysis is whether a defendant has "purposefully established 'minimum contacts' in the forum State." *Id.* at 1313 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464, 105 S.Ct. 2174, 2177–78, 85 L.Ed.2d 528 (1985)). A defendant satisfies the minimum contacts requirement by committing some act to "purposefully avail" itself of the privilege of conducting activities within the forum state. *Id.* at 1313. In the minimum contacts analysis, foreseeability is relevant if "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.*

Under these principles, Heinz & Co. would be subject to personal jurisdiction in the Northern District of Illinois court. Heinz and Heinz & Co. entered into an agreement with Neidermaier which they knew would be at least partially performed in Illinois. Through that action alone, Heinz & Co. "purposefully availed" itself of the privilege of conducting activities within Illinois and should have reasonably foreseen that it might be subject to a lawsuit there. Because the United States District Court for the Northern District of Illinois is a court in which the Foundation "could have brought" its claims against Heinz and Heinz & Co., I will transfer case no. 90–C–864–C to that court, pursuant to § 1406(a).

### 2. *Motion to Transfer Case No. 90–C–261–C*

■ The Foundation urges this court to transfer case no. 90–C–261–C with case no. 90–C–864–C in the interest of judicial economy. Although the Foundation cites no statutory authority for this request, I construe it as a motion to transfer pursuant to § 1404(a) or § 1406(a).[6] In the August 17, 1990 order staying case no. 90–C–261–C, I did not reach the question whether this court had proper venue over the case. Plaintiffs argued that venue was proper under 28 U.S.C. §§ 1391(a) and (c) because the Foundation has an office in this district and should be deemed to be a resident here. Because neither side provided sufficient evidence of the extent of the Foundation's activity in the Western District of Wisconsin, it is unclear whether this court has proper venue in case no. 90–C–261–C. However, I need not decide this issue because I conclude that case no. 90–C–261–C should be transferred to the Northern Dis-

---

**6.** Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

trict of Illinois pursuant to § 1404(a). *See Matra Et Manurhin v. International Armament Co.,* 628 F.Supp. 1532, 1534 n. 2 (S.D.N.Y.1986) (court need not reach § 1406(a) motion if transfer is warranted pursuant to § 1404(a)).

Under § 1404(a) a case can be transferred only to a court where it "might have been brought." Like the language in § 1406(a), this phrase requires that the proposed transferee court have venue and be able to obtain proper jurisdiction over the defendant. *Moore,* 481 F.Supp. at 565. In case no. 90–C–261–C, plaintiffs allege that by interfering with the distribution agreement between Heinz & Co. and Neidermaier and by filing the trademark infringement suit, the Foundation has violated the antitrust laws. The antitrust claims "arose," and thus, venue is proper either in the Northern District of Illinois where the Foundation's counsel wrote the president of Neidermaier or in Arizona where the Foundation is a resident and filed the trademark infringement action. The Foundation is also subject to personal jurisdiction in both districts. The Foundation has its principal place of business in Arizona and has sufficient minimum contacts with the Northern District of Illinois. Through its counsel, the Foundation sent a series of detailed letters to Judith Neidermaier in Chicago explaining its position that the activities resulting from Neidermaier's association with Heinz violated its trademark rights and its settlement agreement with Heinz. Such activities made it foreseeable that the Foundation might be "haled into court" in Illinois to answer for its allegedly improper actions. *See FMC Corp.,* 892 F.2d at 1313 (by sending written communications containing misrepresentations to plaintiff's Chicago office, defendant should have foreseen that she could be sued in Illinois).

Consideration of the "convenience of parties and witnesses" favors transfer either to the Northern District of Illinois where Heinz and many of the non-party witnesses reside or to Arizona where the Foundation is located. With the possible exception created by the Foundation's office in Spring Green, Wisconsin, no litigant or witness resides in this district.

The "interest of justice" is a separate component of analysis under § 1404(a) and may be determinative. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220 (7th Cir.1986). Factors traditionally considered under the "interest of justice" language relate to the efficient administration of the federal court system. *Id.* at 221. Such factors include ensuring a speedy trial, trying related litigation together, and having the trial before a judge who is familiar with the applicable law. *Heller Financial, Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir.1989).

In this case, the parties agree that cases 90–C–864–C and 90–C–261–C should be consolidated. It would not serve the interests of justice to transfer case no. 90–C–261–C to Arizona after the Arizona district court has found that it lacked proper venue over case no. 90–C–864–C. Because the Northern District of Illinois court is a proper transferee court for both cases, it is in the interest of justice to consolidate these cases and transfer them to that court. *See Coffey,* 796 F.2d at 221 (related litigation should be transferred to forum where consolidation is feasible).[7] Accordingly, I will grant the Foundation's motion to transfer both pending cases to the United States District Court for the Northern District of Illinois.

### ORDER

IT IS ORDERED that case no. 90–C–261–C and case no. 90–C–864–C be consolidated and transferred to the United States District Court for the Northern District of Illinois.

[7]. Although the Northern District of Illinois court may consistently rank "near the top of the most-congested district courts nationally," *Espino v. Top Draw Freight System, Inc.,* 713 F.Supp. 1243, 1245 (N.D.Ill.1989), this factor is not decisive. *Foster v. Litton Indus., Inc.,* 431 F.Supp. 86, 88 (S.D.N.Y.1977) (where other relevant factors favor transfer, relative congestion of court's docket will not preclude transfer of an action).