**CONTINENTAL BANK N.A., Plaintiff,**

v.

**Sheldon MODANSKY, Aaron Modansky and Ajayem Investors Corp., Defendants.**

**No. 90 C 1696.**

United States District Court, N.D. Illinois, E.D.

Feb. 7, 1991.

---

Nathan P. Eimer, David M. Schiffman, John M. Czarnetsky, Sidley & Austin, Chicago, Ill., for plaintiff.

Sarah R. Wolff, Christine M. Bodewes, Sachnoff & Weaver, Ltd., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Plaintiff Continental Bank N.A. ("Continental") seeks repayment of a loan made to four corporations.[1] Continental brings this lawsuit against the guarantors of the loan, Sheldon Modansky, Aaron Modansky, and Ajayem Investors Corp. ("Ajayem Investors"). These defendants now seek a change of venue pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, defendants' motion to transfer is denied.

## FACTS

The underlying loan agreements were executed in Chicago, Illinois, on April 29, 1987. That same day, Sheldon Modansky and Ajayem Investors executed and delivered their guaranty agreements to Continental in Chicago. Aaron Modansky executed and delivered his guaranty approxi-

mately one week later. All three guaranties provide that they are to be governed by Illinois law.

On November 4, 1988, the four corporate borrowers filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York. By filing for bankruptcy, the borrowers were in default under the terms of the loan agreements. Consequently, the entire amount loaned to the borrowers became immediately due and owing to Continental. When Continental did not receive payment from the borrowers, it made a demand upon the guarantors. Failing to obtain reimbursement from the guarantors, Continental then filed this diversity action to enforce the guaranty agreements. As of March 22, 1990, the date of filing, the amount payable to Continental totaled $9,796,574.89 in principal and interest.

## DISCUSSION

Defendants move to transfer this case to the United States District Court for the Southern District of New York. To prevail on a motion to transfer under § 1404(a), defendants must establish that (1) venue is proper in the transferor forum, (2) venue is proper in the transferee forum, and (3) a transfer is for the convenience of the parties and witnesses, and the interest of justice. *Trademasters Int'l, Inc. v. Borer*, 687 F.Supp. 434, 435 (N.D.Ill.1988).

The first factor is satisfied in this case: venue is proper in the transferor forum because the plaintiff, Continental, resides in Chicago. *See* 28 U.S.C. § 1391(a). Whether venue is proper in the transferee forum, however, presents more of a problem for defendants. If all of the defendants reside in New York, as alleged in the complaint, then venue would clearly be proper in New York. *Id.* But defendants have revealed in their motion to transfer that Aaron Modansky resides in Florida, not New York. Since all of the defendants do not reside in New York, this action may

---

1. The four corporations—Ajayem Lumber Corp., Ajayem Lumber Midwest Corp., Ajayem Lumber Southeast Corp., and Ajayem Lumber Corp. of Tampa—shall be referred to collectively as the "borrowers."

be transferred to New York only if the claim arose there. *Id.* In a conclusory assertion, defendants contend that this case might have been brought in the Southern District of New York, the district in which the borrowers filed for bankruptcy. While bankruptcy may constitute an event of default under the loan agreement, it does not follow that this cause of action arose in New York simply because the borrowers filed a bankruptcy petition in that district. In determining where the claim arose, the court typically applies the "weight of contacts" test. *Fink v. DeClassis*, 738 F.Supp. 1195, 1197 (N.D.Ill.1990). Under this test, which entails an examination of the parties' contacts with the relevant districts, it is not at all clear that the claim arose in New York. Although this court harbors doubt as to the existence of venue in New York, that question does not have to be finally resolved because the court concludes that the motion to transfer fails for other reasons.

Even if venue is proper in the Southern District of New York, defendants have not established that a transfer would promote the convenience of the parties and witnesses, and the interest of justice. Unsurprisingly, the parties contend that they will be inconvenienced if they are not allowed to litigate in their own choice of forum. Two of the defendants reside in New York (defendant Aaron Modansky, as stated earlier, resides in Florida) and purportedly have little contact, business or otherwise, with the State of Illinois. Continental, on the other hand, is headquartered in Chicago and carries out the bulk of its operations here. All of its relevant documentation and other evidentiary matter is located in Chicago. Yet, defendants claim that Continental would suffer less inconvenience if this litigation proceeds in New York. Defendants base this argument on the fact that certain representatives of Continental appeared in New York in connection with the loan transaction and the borrowers' bankruptcy proceedings. But defendants, like Continental, also traveled to their opponent's home state for purposes of securing the loan at issue. In short, each party would experience inconvenience if the case is tried in the other's choice of forum. Unfortunately for defendants, a mere shift of inconvenience from one party to another will not justify a transfer; there must be a clear balance of inconvenience. *Id.* at 1198. The court fails to see such a clear balance of inconvenience in this case.[2]

With respect to the convenience of the witnesses, both sides contend that they intend to call several witnesses who will be inconvenienced if forced to testify in another state. In the context of a motion to transfer, the court must consider not only the number of potential witnesses residing in the transferor and transferee districts, but the nature and quality of their testimony as well. *Trademasters Int'l, Inc.*, 687 F.Supp. at 436. Although Continental has not specified the number of potential witnesses residing in Illinois or the nature of their testimony, it states that all of its material witnesses live and work in Illinois. Defendants have identified only four witnesses who would be inconvenienced by a Chicago trial. Defendants state that these witnesses are not amenable to process in Illinois. As agents of the defendants, however, these witnesses would appear to be within defendants' control. And, defendants have not shown that the witnesses would not appear in Illinois voluntarily. Based on the evidence presented by defendants, the court fails to see a clear balance of inconvenience justifying a transfer. Any convenience gained by defendants' witnesses would be at the expense of Continental's witnesses. The convenience of the witnesses, therefore, does not weigh heavi-

**2.** Moreover, the guaranty executed by defendant Ajayem Investors states that Ajayem Investors "AGREES TO THE EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT WITHIN COOK COUNTY, ILLINOIS" and "WAIVES ANY OBJECTION TO VENUE OF ANY *FORUM NON CONVENIENS* AND WAIVES ANY OBJECTION TO VENUE OF ANY ACTION INSTITUTED HEREUNDER." This freely negotiated waiver (there is no suggestion of fraud or mistake) precludes Ajayem Investors from now asserting its own inconvenience as basis for transfer. *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 378 (7th Cir.1990); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

ly in favor of transferring this case to New York.

The last pertinent consideration on a motion to transfer is whether a change of venue is in the interest of justice. The interest of justice reflects "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir.1989). Taking into account these considerations, the court finds that the interest of justice would be better served if the case went forward in Chicago. This court has already set a firm trial date, and the case will be tried as scheduled. In the Southern District of New York, the parties cannot be assured of receiving a trial on the merits in the near future; the backlog of cases in that district is well documented. Besides, the law of Illinois governs the construction and interpretation of the relevant contractual agreements. A court sitting in Illinois unquestionably has greater familiarity with Illinois law than a court sitting in New York.

Defendants simply have not provided any compelling reason to upset Continental's choice of forum. Aside from the fact that the defendants and some of their witnesses reside in New York, the Southern District of New York has relatively little connection to this litigation. The loan and guaranty agreements were negotiated, executed, and delivered in Chicago—though negotiations were also conducted in New York. The loan was disbursed from Chicago and it was to be repaid to Continental in Chicago.

Defendants claim that the interest of justice demands a transfer because the borrowers' bankruptcy cases are pending in New York. Considering all of the factors which militate against a transfer, the pendency of these bankruptcy cases in another district will not support defendants' motion. It is extremely unlikely that this case would ever be joined with the bankruptcy cases. Although there may be some overlap in discovery between this case and the bankruptcy proceedings, the cases are not so closely aligned as to warrant coordina-

tion of discovery. The cases involve different issues and there is no serious threat of duplicative litigation or inconsistent judgments. For purposes of resolving the claims arising from the guaranty agreements, this court is not persuaded that a New York trial is in the interest of justice.

## CONCLUSION

For the foregoing reasons, the court denies defendants' motion to transfer.

IT IS SO ORDERED.